Argued November 18, affirmed December 24, 1969

## STATE OF OREGON, *Respondent, v.*
## ANDREW ALBERT NEWTON,
## *Appellant.*
## (No. C-48607)

462 P. 2d 696

*R. Dale Kneeland,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. On the brief were Helen B. Kalil, Deputy District Attorney, and George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This is an appeal by the defendant from a judgment of conviction on the charge of assault and robbery while armed with a dangerous weapon.

On May 4, 1967, a grocery store in Portland owned and operated by one James L. Pritchett was held up, and Mr. Pritchett was forced at knife point to empty the contents of his cash drawer into a paper sack for the robber. Immediately preceding the hold-up, the defendant browsed through the store and was observed for several minutes by Mr. Pritchett and two other witnesses. Mr. Pritchett later recognized his assailant, subsequently identified as the defendant, walking in the neighborhood, and called the police, who arrested him. On May 8, 1967, the defendant voluntarily submitted to being placed in a lineup, at which time he was independently identified by Pritchett and the two witnesses who had seen him in the store. The defendant was not represented by counsel at the lineup, nor was he advised of his right to have counsel present at that time.

Defendant's first assignment of error is that the

court erred in denying his motion for a change of appointed counsel. He alleged prior to trial that trial counsel was completely unprepared and lacked interest in the case. The court conducted a hearing before trial, and denied the defendant's request for a change of counsel. Defendant now says denial of his motion for a change of counsel deprived him of a fair trial. Yet, at the conclusion of the trial, defendant told the court he was satisfied with the way his counsel had tried the case. The record does not disclose any legitimate grounds of complaint against defendant's trial counsel, either at the preparation stage or in the conduct of the trial itself. The trial court properly denied the motion for a change. *State v. Davidson*, 88 Adv Sh 81, 451 P2d 481 (1969).

■ For his second assignment of error, defendant contends that the trial court erred in denying defense counsel's objection to testimony of the lineup identifications by the state's witnesses. He claims that because of the absence of counsel, the lineup was not conducted in a fair and impartial manner. Defendant cites *United States v. Wade*, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967), and *Gilbert v. California*, 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967) in support of his objection. The rules of those cases do not apply to the instant case, because the lineup in question occurred before June 12, 1967. *Stovall v. Denno,* 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967).

The trial court listened to testimony of the complaining witness and of the defendant, out of the presence of the jury, concerning the lineup procedures. He then correctly denied defendant's objection to the testimony.

■ Defendant's third assignment of error is the denial of his objection to the admission of the testimony of the witness Pritchett on the ground that it was so vague as to be unreliable. That assignment of error does not set out *haec verba* the motion and the ruling of the court as required by Rule 19 of the Oregon Supreme Court Rules of Procedure, which was adopted also as one of the rules of this court. Therefore, we take no notice of that assignment of error. *State v. Davidson,* 244 Or 636, 419 P2d 942 (1966).

The judgment is affirmed.