Argued September 20, affirmed October 27, petition for rehearing denied November 8, petition for review denied November 21, 1972, remanded by U.S. Supreme Court June 18, 1973 (See later volume of Oregon Appeals Reports)

STATE OF OREGON, *Respondent, v.* VIRGIL ALLEN KELSAW, JR. (No. C 72-02-0484 Cr), *Appellant.*

STATE OF OREGON, *Respondent, v.* VIRGIL ALLEN KELSAW, JR. (No. C 72-02-0485 Cr), *Appellant.*

502 P2d 273

*Peter A. Schwabe, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Marshall & Schwabe, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

### SCHWAB, C. J.

The defendant was twice convicted, on separate indictments, of the sale of heroin. His appeal from each conviction has been consolidated for argument before this court. The issues on appeal relate to Oregon's notice of alibi statute, ORS 135.875, which reads:

"(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2) As used in this section 'alibi evidence' means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

■ Defendant contends, relying upon *Williams v. Florida,* 399 US 78, 90 S Ct 1893, 90 S Ct 1914, 26 L Ed 2d 446 (1970), that ORS 135.875 is unconstitutional on its face. This issue has been decided adversely to his position in *State v. Wardius,* 6 Or App 391, 487 P2d 1380, Sup Ct *review denied* (1971), *reversed and remanded* 412 US —, 93 S Ct 2208, 37 L Ed 2d 82 (1973).

Defendant also contends, assuming that there can be a constitutional construction of the statute, that a proper construction would result in a holding that in the cases at bar there was "good cause" as a matter of law for waiver of the notice requirements.

On February 15, 1972, the Multnomah County grand jury returned two indictments against the defendant. One charged him with the sale of heroin on or about November 28, 1971, in Multnomah County, and the other with the sale of heroin on or about January 5, 1972, in Multnomah County.

The transcripts disclose, and defendant concedes, that on February 29, 1972, defendant's counsel was given access to the district attorney's files and that these files disclosed the exact times and places of the commission of the offenses and the names of all the witnesses that were called by the state in the subsequent trials. Trial on one indictment took place on March 22, 1972, and on the other on April 7, 1972.

The question presented by the defendant's con-

tention that the statutory requirements were not applicable to him is whether a criminal defendant who intends to rely upon alibi evidence must comply with the statute and notify the district attorney of the names of alibi witnesses when the state has not alleged in the indictment a specific time and place. Under Oregon law the state has no duty to allege a specific time in an indictment unless time is a material ingredient in the crime charged. ORS 132.610; 132.620.[1]

■■ In the cases at bar the crimes charged were not of such a nature as to bring into play the exception contained in ORS 132.610 relating to instances where time is a material ingredient in the crime.[2]

■ There is no similar exception to the general requirement of ORS 132.620 dealing with place. However, it is clear that if a statute should make it a crime to commit an act at a place certain, but not if the act is committed at some other place, then the place

---

[1] ORS 132.610 provides:

"The precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof and within the time in which an action may be commenced therefor, except where the time is a material ingredient in the crime."

ORS 132.620 provides:

"* * * [I]t is sufficient to allege that the crime was committed within the county where the indictment is found."

[2] "* * * The exception [in ORS 132.610] relates to those crimes in which time is a significant factor, i.e., where the act is a crime if committed at one time but not if committed at some other time. Thus if a statute should make it a crime to sell liquor on Sunday, time is a material ingredient, because a sale at any other time does not constitute a violation * * *." State v. Howard, 214 Or 611, 615, 331 P2d 1116 (1958).

is a material element of the crime and, necessarily, would have to be alleged in the indictment.

■ A demurrer pursuant to ORS 135.630 is the only pretrial procedure available to a criminal defendant seeking a more definite and certain statement of the time and place of an alleged criminal act. ORS 135.630 provides in pertinent part:

> "The defendant may demur to the indictment when it appears upon the face thereof that:
> "* * * * * *
> "(2) It does not substantially conform to the requirements of ORS * * * 132.610 to 132.690 * * *."

Thus, ORS 135.630 (2), by referring back to the requirements of ORS 132.610 and ORS 132.620, says that a defendant may not demur to an indictment on the ground that time and place are not alleged with sufficient particularity in cases where time and place are not material elements of the crime charged. *Cf., State v. Jackson,* 221 Or 315, 351 P2d 439 (1960); *State v. Howard,* 214 Or 611, 331 P2d 1116 (1958); *State v. Pace,* 187 Or 498, 212 P2d 755 (1949).

■ It is also the rule that a criminal defendant cannot make time a material element of a crime by asserting an alibi defense. *State v. Gibbons,* 228 Or 238, 364 P2d 611 (1961); *State v. Jackson,* supra; *State v. Goddard,* 69 Or 73, 133 P 90, 138 P 243, 16A Ann Cas 146 (1914).

■ ■ Thus the rule applicable to most criminal cases is that at the time a trial of a defendant commences, he is not entitled to know for certain upon what date within the period of the statute of limitations, or

at what place within the county the state proposes to prove the alleged crime was committed. Under such circumstances a requirement that the defendant particularize alibi evidence in advance of trial seems absurd on its face. It follows that in order to give our notice of alibi statute, ORS 135.875, a rational interpretation it must be construed as providing that unless the record clearly and unequivocally shows that the defendant was given timely reciprocal information as to time and place, good cause exists as a matter of law for not requiring the defendant to have given the statutory notice of alibi as a condition precedent to producing alibi evidence. *See, State v. Ovitt,* 126 Vt 320, 229 A2d 237 (1967), dealing with Vermont's notice of alibi statute.

■ However, we see no sound reason why such information must be conveyed from the state to the defendant only by means of an indictment or some other statutory procedure. Oregon's criminal code is almost completely lacking in pretrial discovery procedures.[9] We are aware that an increasing number of district attorneys and defense counsel, recognizing the desirability of pretrial reciprocal discovery, are engaging in such on a voluntary, informal basis. We see no basis for not recognizing and encouraging this activity, at least in instances where there is no controversy as, to the nature and extent of the disclosures thereby made. Here, weeks prior to trial, as the record clearly discloses and counsel for the defendant candidly concedes, the state made complete disclosure of the time and place which it intended to and did prove

---

[9] It may be that the Criminal Law Revision Commission will recommend and the next legislative assembly will provide statutory criminal discovery procedures.

in each case, and at the same time made complete disclosure of the names of its witnesses. The defendant had full and complete pretrial discovery. There is no reason why he should be excused from compliance with ORS 135.875.

Affirmed.