Submitted on remand from the United States Supreme Court
June 18, reversed and remanded August 27, 1973

STATE OF OREGON, *Respondent, v.* VIRGIL ALLEN KELSAW, JR. (No. C 72-02-0484 Cr), *Appellant.*

STATE OF OREGON, *Respondent, v.* VIRGIL ALLEN KELSAW, JR. (No. C 72-02-0485 Cr), *Appellant.*

513 P2d 516

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

On October 27, 1972, we affirmed defendant's two convictions for sale of heroin. *State v. Kelsaw*, 11 Or App 289, 502 P2d 278 (1972). In that opinion we rejected defendant's claim that Oregon's notice of alibi statute, ORS 135.875, was unconstitutional. On November 21, 1972, the Oregon Supreme Court denied defendant's petition to review our decision. On June 11, 1973, the United States Supreme Court held ORS 135.875 unconstitutional in *Wardius v. Oregon*, 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973). On June 18, 1973, the United States Supreme Court granted defendant's petition for certiorari, vacated our prior judgment in this case and remanded it to us, "for further consideration in light of *Wardius v. Oregon* * * *." 412 US 947, 93 S Ct 3016, 37 L Ed 2d 999 (1973).

In both of his separate trials defendant and witnesses called on his behalf testified, by way of an offer of proof, to facts that would have, if believed, established an alibi defense. Two different trial judges rejected the offered testimony and did not permit the juries to hear it, because defendant had not served the notice of intent to rely on an alibi defense that is required by ORS 135.875.

The only possible basis for prohibiting defendant and his alibi witnesses from testifying would be the terms of ORS 135.875. That statute was held unconstitutional in *Wardius v. Oregon*, supra, in so far as it does not require reciprocal discovery from the state.①

---

① The 1973 legislature enacted a new Code of Criminal Procedure that contains comprehensive reciprocal discovery provisions. Eng. Re-Eng. SB 80 (Oregon Laws 1973, ch 836). After these provisions become effective, it is probable that the notice of alibi statute, ORS 135.875, can be interpreted in conjunction with them to require reciprocal discovery from the state.

Hence, it was error to prohibit defendant and his alibi witnesses from testifying.

Reversed and remanded for a new trial.