Argued July 9, reversed in part; affirmed in part
September 10, 1973

STATE OF OREGON, *Respondent, v.*
ROBERT GRANT MORALES, *Petitioner.*

513 P2d 798

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

DENECKE, J.

The defendant was convicted of three charges of criminal activity in drugs. He appealed to the Court of Appeals which affirmed without an opinion. *State v. Morales,* 12 Or App 601, 506 P2d 733 (1973). We granted review.

The sole assignment of error is that the trial court erred in striking alibi testimony. The court struck the testimony because the defendant failed to give notice, prior to trial, of intent to rely on alibi

evidence as required by ORS 135.875.[1] The defendant offered no reason for his failure to give notice.

We granted review because the trial court's ruling appeared contrary to *Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed2d 82, decided June 11, 1973. The majority in *Wardius* decided that a defendant could not be required to comply with the Oregon notice of alibi statute in the absence of a provision giving defendants reciprocal discovery rights.

The trial court's ruling and the affirmance of the Court of Appeals also appeared contrary to *State v. Kelsaw,* 11 Or App 289, 502 P2d 278 (1972), decided subsequent to the trial of this case.

In *State v. Kelsaw,* supra (502 P2d at 280), Chief Judge Schwab wrote:

"* * * It follows that in order to give our notice of alibi statute, ORS 135.875, a rational interpretation it must be construed as providing that unless the record clearly and unequivocally shows that the defendant was given timely reciprocal information as to time and place, good cause exists as a matter of law for not requiring the defendant to

---

[1] ORS 135.875: "(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2) As used in this section 'alibi evidence' means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

have given the statutory notice of alibi as a condition precedent to producing alibi evidence. * * *."

The Court of Appeals affirmed the conviction in *Kelsaw* because the state voluntarily made a disclosure of time, place and witnesses. The United States Supreme Court granted certiorari in *Kelsaw* and remanded to the Court of Appeals for reconsideration in light of *Wardius v. Oregon. Kelsaw v. Oregon,* 412 US 947, 93 S Ct 3016, 37 L Ed2d 999, decided June 18, 1973. Upon reconsideration the Court of Appeals held ORS 135.875 invalid as it does not require reciprocal discovery from the state. *State v. Kelsaw,* 14 Or App 313, 513 P2d 516, decided August 27, 1973.

■■ According to *Wardius v. Oregon,* supra (37 L Ed2d 82), the Oregon statutes, in order to be consistent with the federal Due Process Clause, must be construed to provide that the state must disclose relevant information before the statute requiring a notice of alibi defense can be invoked. The state made no disclosures of any kind in this case; therefore, the trial court erred in striking the alibi testimony.[2]

The state contends that the stricken testimony was insufficient to establish an alibi because the alleged alibi witness did not testify that the defendant was with her when the alleged offense occurred.

One of the indictments charged defendant with furnishing drugs to one Hayes on March 12th. Hayes, an undercover agent, testified he bought drugs from the defendant in the bedroom of defendant's house in Winston, Oregon, at 4:30 p.m.

---

[2] Counsel did not discuss the extent of the information the state must disclose. The Criminal Procedure Code adopted by the recent session of the Oregon Legislature contains expanded discovery provisions. Whether the requirements of the new code are sufficient we do not decide.

■ The aunt of the defendant gave the testimony which was stricken. She testified that on March 12th her son brought the defendant into her home in the "Roseburg area" sometime between 4:30 and 5:00 p.m. Winston and Roseburg are approximately six or seven miles apart.

The jury could have believed from this testimony that the defendant was at his aunt's house, several miles from defendant's house, at 4:30 p.m., on March 12th, rather than selling drugs to the undercover agent at defendant's house. This would have established an alibi.

■ ■ The state also contends that the defendant foreclosed the establishing of any alibi because he testified he could not remember where he was at any of the times when the undercover agent testified he purchased drugs from defendant. An alibi can be established without the assistance of the testimony of the defendant.

The testimony of defendant's alibi witness only related to the offense allegedly committed on March 12th. The defendant contends that the convictions for the other two offenses committed on different dates also must be reversed despite the absence of any indication that he could offer any evidence of alibi for the other two charges. He argues that in view of the trial court's blanket ruling it would have been useless to have attempted to introduce alibi testimony on the other charges.

■ In the absence of any offer of proof we have no way of knowing whether the trial court's ruling prejudiced the defendant in his trial on the other two charges. *State v. Jenkins,* 246 Or 280, 424 P2d 894

(1967). The requirement of an offer of proof to determine whether the exclusion of evidence is prejudicial serves a legitimate state interest by permitting an appellate court to refrain from deciding abstract questions.

The conviction in case 38494, the charge that an offense was committed on March 12th, is reversed. The other two convictions are affirmed.