Submitted on record and briefs February 22, affirmed April 17, 1978

STATE OF OREGON, *Respondent,*
*v.*
BILLY IRL GLOVER, *Appellant.*
(Nos. 31159 & 31160, CA 8892 & 8893)
(Cases consolidated)
577 P2d 91

Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem, filed the brief for appellant.

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and W. Benny Won, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction by jury verdict of two charges of Robbery in the Second Degree, ORS 164.405. Although the charges were unrelated, and in two separate indictments, defendant agreed to having both indictments tried in a single trial. Defendant admitted both robberies but relied on the affirmative defense of mental disease or defect pursuant to ORS 161.295. The sole issue at trial was defendant's mental state at the time the robberies were committed. On appeal defendant raises two assignments of error. First, the denial of his motion for appointment of an additional psychiatrist to testify in his behalf. Second, the denial of his motion to discharge his court appointed attorney and have other counsel appointed.

While incarcerated in California, awaiting extradition to Oregon, defendant was examined by Dr. McAllister, a psychiatrist, at the request of defendant's wife. The trial was scheduled to commence on March 3, 1977. Sometime prior to this date defendant, who was indigent, requested sufficient funds to make Dr. McAllister available as a witness and to have Dr. Dixon appointed to examine defendant and testify at trial. The court informed defendant that only one psychiatrist would be provided at public expense and he could choose either Dr. McAllister or Dr. Dixon. Defendant elected to have Dr. McAllister testify.

Approximately a week prior to the scheduled trial date defendant requested an order authorizing expenditure of funds to have Dr. Ruth Jens, a physician who practiced psychiatry, examine him and testify in his behalf. The court again informed defendant that only one doctor would be provided and told him he could select Dr. McAllister, Dr. Dixon or Dr. Jens. Defendant again decided to have Dr. McAllister testify.

[ 555 ]

The state, pursuant to ORS 161.315, obtained an order for examination of defendant by a psychiatrist. This examining doctor was the only expert called by the state respecting the affirmative defense.

The denial of his motion to provide funds for Dr. Jens' examination and testimony is the basis of his claim of error.

Defendant testified, in support of the motion, that Dr. Jens had examined him in 1971 but had had no contact with him since then. Her examination was necessary, defendant contends, to update her diagnosis and to support the diagnosis and opinion of Dr. McAllister that defendant was unable to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. Defendant made no challenge to the competency of Dr. McAllister.

■■ Pursuant to ORS 135.055(2) the defendant was provided with witness fees for one expert witness. The question is whether an indigent accused, who has already been provided with one psychiatrist whose competency has not been challenged, is entitled, by reason of constitutional due process, to have the state furnish another doctor selected by him. Defendant cites *Washington v. Texas,* 388 US 14, 87 S Ct 1920, 18 L Ed 2d 1019 (1967), in support of his due process claim. That case involved a Texas statute which forbade an accused from calling an accomplice as a witness in his behalf. The court found the statute constitutionally infirm. The accomplice in that case was an eyewitness to the crime who could testify from his own knowledge and observation. A physician, as an expert witness, gives an opinion based on examination of the defendant or in response to hypothetical questions. A particular physician is therefore not a necessary witness. We have found no case and have been furnished none by the defendant which stretches the constitutional mandate as far as defendant wishes. *See*

*State v. Patterson,* 288 NC 553, 220 SE2d 600 (1975); 34 ALR3d 1256 (1970).

Although we decline to give a stamp of approval to a hard and fast rule that an accused is entitled to only one psychiatrist at state expense, we conclude that in this case defendant was provided with the means to adequately prepare and present his affirmative defense. Dr. McAllister testified that he was aware of defendant's medical history and concluded that defendant had a preexisting mental disease. He utilized the medical history in arriving at his ultimate conclusion respecting the affirmative defense. The possible testimony of Dr. Jens, as outlined by defendant, would come from a current examination and diagnosis and would not have added substantially to the medical history provided through the testimony of Dr. McAllister. Dr. McAllister concluded, from reviewing the defendant's medical history, that he had suffered episodes of manic depressive psychosis in the past and the doctor opined that defendant was suffering the same psychosis at the time the robberies were committed.

■ In the second assignment of error defendant contends that his court appointed counsel should have been discharged and another attorney appointed to defend him. Defendant's motion for change of attorney was joined by his counsel. They both stated to the court that there was a basic disagreement as to how the affirmative defense should be presented. Defendant, who appeared knowledgeable and articulate, agreed with the trial court that time pressure was the major cause of the disagreement. The court, who knew the attorney, was satisfied that he was a competent lawyer and would ably represent defendant. There is no contention the attorney was incompetent or failed to adequately present defendant's case and the record would support no such inference.

In denying the motion, which was made two days prior to the scheduled trial date, the court continued

the trial for 30 days to allow defendant more time for preparation. The defendant agreed to this arrangement and made no further requests for new counsel.

The record supports the conclusion that defendant was a difficult client for an attorney to deal with. He filed numerous motions on his own behalf in the circuit court, the Federal District Court and the Oregon Court of Appeals. He submitted an average of one memorandum every two days to his attorney setting forth the legal theories he wished advanced and the witnesses he wished subpoenaed in his behalf. Defendant had filed complaints with the California Bar Association against two attorneys who represented him on criminal charges and a complaint with the Oregon State Bar against his attorney in this case. It is doubtful the defendant would have seen eye to eye with any attorney appointed to represent him.

ORS 135.050(4) provides the court *may* substitute one appointed counsel for another "when the interests of justice require such substitution." We conclude the defendant was competently and ably represented and the interests of justice did not require a substitution of appointed counsel. *See State v. Davidson,* 252 Or 617, 451 P2d 481 (1969); *State v. Miller,* 1 Or App 460, 460 P2d 874 (1969), *rev den* (1970).

Affirmed.