On appellant's petition for reconsideration filed April 26, former opinion filed March 27 (33 Or App 286, 576 P2d 387), petition for reconsideration granted; former opinion withdrawn; reversed and remanded June 20, 1978

STATE OF OREGON, *Respondent,*

*v.*

JOHN PHILLIP FRYE, *Appellant.*

(No. C 76-10-14916, CA 8064)

581 P2d 528

Gary D. Babcock, Public Defender, Salem, for petition.

SCHWAB, C. J.

**SCHWAB, C. J.**

We grant the petition for reconsideration, withdraw our former opinion and reverse and remand.

Defendant was convicted of first degree robbery. At trial he relied upon an alibi defense, the thrust of which was that he was at work at the time of the robbery. In rebuttal, the state called a witness who indicated defendant could have committed the robbery during his "lunch break." The issue is whether the state provided the defendant with adequate discovery of its rebuttal evidence.

Over a month before trial defendant, proceeding in accordance with the provisions of ORS 135.455[1] (formerly ORS 135.875) notified the state of his intent to rely on alibi evidence, listing the names and addresses of three witnesses and stating that:

> "The above witnesses will testify that the defendant was working on a grinder between the hours of 11:00 p.m. on July 7 and 7:00 a.m. on July 8, 1976 at the Oregon Steel Mills.
>
> "Production log, composite time sheet and the individual time records on the defendant for the hours of 11:00 p.m. on July 7 to 7:00 a.m. on July 8, 1976 have been subpoenaed."

At trial these defense witnesses testified generally in accordance with the notice of alibi.

The state, over defendant's objection, called in rebuttal a police officer who testified that he had

---

[1] "(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2) As used in this section, 'alibi evidence' means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

driven from defendant's place of employment to the scene of the robbery, remained at the scene the approximate time it took to commit the robbery and returned to defendant's place of employment all within 25¾ minutes. The defendant's foreman, one of his alibi witnesses, had earlier testified that defendant had a 30-minute lunch break about the time the robbery was estimated to have taken place. The trial court admitted the state's rebuttal testimony, reasoning the state had given defendant notice of its intent to call the police officer under the general discovery statute, ORS 135.815. We conclude that the trial court's reasoning was erroneous.

■ The general discovery statute requires the prosecution and defense to disclose names of witnesses they intend to call. It would have been possible for the legislature to not require any additional discovery of alibi evidence, leaving each side the task of investigating what the other side's witnesses would say. The legislature, however, did not do so. Instead, it placed an additional burden on a criminal defendant: to specifically identify "each witness upon whom the defendant intends to rely for alibi evidence." ORS 135.455.

■ In order for ORS 135.455 to meet federal due process requirements, it must be construed to entitle the defendant to reciprocal discovery against the state. *Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 83 (1973); *State v. Morales,* 266 Or 421, 513 P2d 798 (1973). Given that the defendant must identify which witnesses will be used for an alibi defense, we conclude that reciprocal discovery means that the state must also identify which witnesses will be used to rebut the alibi defense. The state failed to satisfy this mutual disclosure requirement in this case.

■ Defendant was arguably prejudiced by the state's failure to comply with the *Wardius* doctrine. Had the state complied, defendant could have checked the theory presented by the state's rebuttal witness to see

whether it was plausible. Defendant might have found a number of defects in the theory, but without the opportunity to check it prior to trial, defendant was left with an inadequate, uninformed cross-examination. The state was given more than ample opportunity to investigate and explore loopholes in defendant's theory. *Wardius* requires defendant be given equal opportunity.

Petition for reconsideration granted; former opinion withdrawn; reversed and remanded for new trial.