Argued June 21, affirmed July 30, 1979

STATE OF OREGON,
*Respondent,*
*v.*
FRANK Y. ACOSTA,
*Appellant.*

(No. C 78-07-10723, CA 12637)

597 P2d 1282

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief were Gary D. Babcock, Public Defender, and Bruce David Thomas, Certified Law Student, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

LEE, J.

**LEE, J.**

Defendant was convicted of robbery in the second degree following a jury trial. On appeal, he makes two assignments of error, both of which address the propriety of the denial of his pretrial motions to grant defense expenses. We affirm.

Before trial, defendant, a Spanish-speaking indigent, submitted a proposed order allowing him to incur expenses for an investigator, an interpreter and a polygraph operator who could speak Spanish. He requested that the court authorize $200 for the investigator and $200 for the polygraph operator pursuant to ORS 135.055(2), which provides:

> "The person for whom counsel has been appointed is entitled to a reasonable sum for investigation, preparation and presentation of his case and he or his counsel may *upon cause shown*, which need not be disclosed to the district attorney prior to any hearing, secure approval and authorization of payment of such sums *as the court finds are necessary and proper* in the investigation, preparation and presentation of his case, including but not limited to travel, telephone calls, photocopying or other reproduction of documents and expert witness fees." (Emphasis supplied.)

It is apparent that an indigent's statutorily enacted right to defense expenses is not absolute, but is conditioned upon a showing that such expenses are needed to prepare and present an adequate defense. *See State v. Glover,* 33 Or App 553, 557, 577 P2d 91 (1978); *Mason v. Arizona,* 504 F2d 1345, 1351 (9th Cir 1974), *cert den,* 420 US 436 (1975); *State v. Tatum,* 291 NC 73, 229 SE2d 562, 567-68 (1976); *see also United States v. Bass,* 477 F2d 723, 725 (9th Cir 1973). Neither the statute nor the constitutional guarantees of effective assistance of counsel and of equal protection require that an investigator or expert be furnished at public expense upon demand. *Mason v. Arizona, supra,* 504 F2d at 1352; *State v. Tatum, supra,* 229 SE2d at 566-68. There is no single test for determining whether the services of an investigator or

an expert are necessary; that decision will depend on the facts and circumstances of the particular case and must be committed to the sound discretion of the court to which the request for expenses is directed. *See State v. Glover, supra,* 33 Or App at 577; *State v. Tatum, supra,* 229 SE2d at 567-68.

■ Defendant produced insufficient evidence of need. Defendant's claim of entitlement to expenses for an investigator was based solely on his court-appointed counsel's assessment of the perils involved in trying to reach one of the witnesses, who lived in a decaying neighborhood of Portland. No effort was made to advise the court as to what information was sought to be obtained from that witness, *see Mason v. Arizona, supra,* 504 F2d at 1352-53, or to comply with court's request that counsel submit an affidavit stating the extent of the danger deterring her from pursuing the investigation personally. Nothing whatsoever was mentioned with respect to the need for a polygraph operator. We believe defendant failed to demonstrate good cause for him to expend public moneys for an investigator and a polygraph operator.

■ Defendant's motion for a court-appointed interpreter was made pursuant to ORS 44.095, which mandates that a court appoint and fix fees and expenses of a qualified interpreter only if the court is satisfied that defendant is unable to obtain such a person himself.[1] Although he argues it was error to deny his

---

[1] ORS 44.095 provides:

"(1) When a witness or a party in a civil or criminal proceeding is a handicapped person, the court shall appoint a qualified interpreter, unless the handicapped person knowingly and voluntarily files a statement with the court indicating that he does not desire the court to appoint a qualified interpreter for him.

"(2) The court shall fix the fees and expenses of an interpreter appointed under subsection (1) of this section. In a criminal proceeding the county in which the proceeding is held shall pay the fees and expenses of a qualified interpreter for the defendant or his witness if:

"(a) The defendant makes a verified statement and provides other information in writing under oath showing his inability to obtain a

pretrial request for $100 to cover such expenses, defendant concedes that he had two volunteer interpreters during trial. He does not contend that their efforts on his behalf were inadequate. Since the court's denial of expenses for an interpreter did not prejudice defendant's rights, it would not be a proper basis for reversal even if it were erroneous. ORS 19.125.

Affirmed.

qualified interpreter, and provides any other information required by the court concerning his inability to obtain such an interpreter; and

"(b) It appears to the court that the defendant is without means and is unable to obtain a qualified interpreter. * * *

"(3) As used in this section:

"(a) 'Handicapped person' means a person who cannot readily understand or communicate the English language, or cannot understand the proceedings because he is deaf, or because he has a physical hearing impairment or physical speaking impairment.

"(b) 'Qualified interpreter' means a person who is readily able to communicate with the handicapped person, translate the proceedings for him, and accurately repeat and translate the statements of the handicapped person to the court."