Submitted June 27, affirmed September 17, 1979

STATE OF OREGON,
*Respondent,*
*v.*
SCOTT DEAN HAMMOND,
*Appellant.*

(No. J64309, CA 13390)

600 P2d 443

John P. Manning, Portland, filed the brief for appellant.

Karen H. Green, Assistant Attorney General, Salem, filed the brief for respondent. With her on the

brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

## TANZER, J.

The defendant appeals his conviction for violation of ORS 487.540, driving under the influence of intoxicants. He assigns as error the denial of his pretrial motion for expenses for an expert witness with whom to challenge the accuracy of his breathalyzer results. The presiding judge had denied this motion for lack of county funds. The defendant also asserts it was error for the trial court to deny his motion to suppress the breathalyzer test results based on the denial of expenses for an expert witness.

ORS 135.055(2) provides:

> "The person for whom counsel has been appointed is entitled to a reasonable sum for investigation, preparation and presentation of his case and he or his counsel may upon cause shown, which need not be disclosed to the district attorney prior to any hearing, secure approval and authorization of payment of such sums as the court finds are necessary and proper in the investigation, preparation and presentation of his case, including but not limited to travel, telephone calls, photocopying or other reproduction of documents and expert witness fees."

■ We stated recently in *State v. Acosta*, 41 Or App 257, 259, 597 P2d 1282 (1979), that "an indigent's statutorily enacted right to defense expenses is not absolute, but is conditioned upon a showing that such expenses are needed to prepare and present an adequate defense." Although in *Acosta* we established no particular standard of need which must be shown, the statute requires something more than the bare desire to hire a witness. There must be some showing from which the court can infer the existence of a reasonable probability that the expenditure will produce a benefit for the defense.

■ Here, there was no such showing. In support of his motion, the defendant cited our ruling in *State v. Clark*, 35 Or App 851, 583 P2d 1142 (1978), since reversed by the Supreme Court, 286 Or 33, 593 P2d

123 (1979). In *Clark* we held that the accuracy of a breathalyzer test result could be attacked only with expert evidence. Defendant's mere reference to *Clark*, without more, failed to show any reasonable possibility that anything helpful to defendant's case would be obtained. Therefore he did not show cause upon which a court could determine the necessity and propriety of the expense.

We do not rely upon or reach the ground relied on by the district court.

Affirmed.