Submitted on record and briefs October 22,
affirmed December 31, 1979

## STATE OF OREGON
*Respondent,*

*v.*

## GARY CLINTON WILLIAMS,
*Appellant.*

### (No. 78-3826-C-2, CA 14446)

607 P2d 740

Vernon E. Hubka, Ashland, filed the brief for appellant.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and James M. Brown, Assistant Attorney General, Salem, filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction for assault in the fourth degree, ORS 163.160. He challenges the affidavit supporting a warrant to search his residence and the denial of his motion for removal of appointed counsel.

Defendant was charged with assault in the second degree, ORS 163.175, for striking the victim on the head with a beer bottle and a firearm. In a motion to suppress the firearm and to controvert the affidavit for search warrant, defendant contended that the affidavit submitted by the detective was untrue. The affiant, a police officer, had interviewed the victim and a witness prior to submitting the affidavit and testified at the hearing that the victim told him the firearm used in the assault was a bolt action rifle which he believed to be a .22 caliber. The witness also thought the firearm was a .22 rifle but was not certain. In the affidavit for the search warrant the weapon was listed as a "bolt action rifle, caliber unknown."

1. Defendant argues that the affidavit was untrue in that it did not describe the rifle as a .22 caliber. He contends that listing the rifle as "caliber unknown" expanded the scope of the warrant, allowing the officers to search for any caliber of rifle. The court found that the affidavit was not inaccurate. Based on the information the affiant obtained from the victim and the witness, we concur. Neither witness could state with certainty the caliber of the firearm. Under the circumstances it was sufficient to state "caliber unknown."

Defendant's second and third assignments of error concern his representation by appointed counsel. Defendant was indicted on December 21, 1978. At his arraignment on December 28, 1978, defendant informed the court that he did not want the attorney appointed to represent him and alleged that the attorney lied to him, collaborated with the district attorney and did

not represent him to the best of his interest. On January 16, 1979, defendant filed a motion for removal of counsel, citing as his reasons: (1) that the attorney showed no interest in preparing an adequate defense; and (2) that the only thing the attorney discussed with him was entering a guilty plea. On January 17, 1979, argument was heard. The attorney stated to the court that he did not remember the nature of any guilty plea discussion but if the district attorney had made an offer that he would have discussed it with the defendant. He also stated that he had researched the case, was familiar with the evidence and was pursuing defendant's best interests even though defendant had not discussed the case with him since December 20, 1978. The court denied the motion. Defendant was tried later that day. During voir dire of the jury defendant again vehemently objected to his appointed attorney representing him and because of his outburst was removed from the courtroom until voir dire was completed.[1]

---

[1]

"THE COURT: * * * First of all, I will introduce the participants. The defendant, Mr. Williams, is seated at counsel table closest to the spectators, and he is represented by Mr. Robert Webber.

"MR. WILLIAMS: Yes, and I also requested a new attorney, and the judge has denied my request—

"THE COURT: Mr. Williams—

"MR. WILLIAMS: I don't want him representing me, and that is my right—

"THE COURT: Mr. Williams—

"MR. WILLIAMS: I have the right to have an attorney represent me, and he is not doing that, and he is not doing it in my best interest.

"THE COURT: Mr. Williams, any more outbursts from you, and I will have you taken out of the courtroom.

"MR. WILLIAMS: That is fine, it's okay with me.

"THE COURT: One more outburst—

"MR. WILLIAMS: Looks to me like I'm not getting represented—

"THE COURT: Take him out.

"MR. WILLIAMS: It is my right.

Defendant contends that he was denied the right to effective and competent assistance of counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I, § 11 of the Oregon Constitution. This claim is not supported by the present record. If defendant wishes to pursue this course of action, the post conviction relief procedures, ORS 138.510, *et seq.,* are at his disposal.

Defendant also claims that the court abused its discretion in denying his request for removal of his appointed counsel. The trial court found that it was not in the best interest of justice to appoint new counsel. ORS 135.050(4). From the record before us we conclude that the trial court did not abuse its discretion. *See State v. Davidson,* 252 Or 617, 451 P2d 481 (1969); *State v. Jackson,* 228 Or 371, 365 P2d 294, 89 ALR2d 1225 (1961); *State v. Reid,* 36 Or App 417, 585 P2d 411 (1978);*State v. Glover,* 33 Or App 553, 577 P2d 91 (1978); *State v. Pflieger,* 15 Or App 383, 515 P2d 1348 (1973), *rev den* (1974); *State v. Newton,* 1 Or App 376, 462 P2d 696 (1969); *State v. Miller,* 1 Or App 460, 460 P2d 874 (1969), *rev den* (1970).

Affirmed.

---

"THE COURT: When you can be quiet, you can come back in.

"MR. WILLIAMS: Now you can go ahead and try me, it is fine with me. I have proved prejudice everytime I have ever had to come in front of your crooked ass."