Argued and submitted July 19, affirmed October 23, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# LEE MICHAEL BERRY,
*Appellant.*

(84-07122; CA A34929)

707 P2d 638

Joseph P. Postel, Newport, argued the cause for appellant. With him on the brief was Pridgeon & Stimac, Newport.

Linda J. DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals from his conviction for knowingly fishing with a gillnet in a closed season, a Class A misdemeanor. ORS 509.011. He alleges that the exclusion of evidence relating to his religious beliefs prevented him from presenting a defense based on the First Amendment.[1] We affirm.

Defendant is a member of the Confederated Tribes of the Siletz Indians and also a leader of the Native American Church, Siletz and Warm Springs branches. Through his own and an expert witness' testimony he offered evidence relating to specific religious practices and ceremonies of the Native American Church. His apparent intent was to show that his religious practices in the Church were somehow infringed by the enforcement of the fish and game laws prohibiting salmon fishing out of season—gillnetting being barred entirely.[2]

Defendant was allowed to testify generally as to his religious orientation, but testimony regarding specific religious practices or ceremonies was excluded as irrelevant. When the trial court ruled on the disputed evidence, the judge invited defendant's counsel to make an offer of proof. Counsel did not make an offer of proof explaining the relevance of defendant's specific religious practices[3] to his prosecution for violation of the fish and game laws.

Defendant now claims that the trial judge's ruling on the evidence at issue was plain error that excuses his failure to make an offer of proof. OEC 103(4). We disagree. The fish and game laws of Oregon, on their face, regulate the taking of fish and game, not religious practices. It was not plain error for the trial judge to conclude that evidence regarding particular religious ceremonies was irrelevant to the enforcement of fish and game laws.

Unless there is plain error on the part of the trial

---

[1] Defendant's claim is based solely on the federal constitution, and no violation of religious guarantees under the Oregon Constitution has been claimed at trial or on appeal.

[2] We understand defendant's assertion to encompass only his *own* right. He does not claim to assert any *tribal* religious or other right separate from his own.

[3] We note that the affidavit of counsel accompanying his request for an omnibus hearing does not serve as a sufficient offer of proof for purposes of appeal. Counsel merely requested that defendant be allowed to testify as to the religious ceremony of North American Indians.

judge, an appellant must make a record of the alleged error below. In this case, defendant has alleged evidential error at his trial. Evidential error is not presumed to be prejudicial. OEC 103(1). It is up to a defendant to make a record through an offer of proof of the substance of the evidence excluded, so that the trial court can correct itself if necessary or so that this court can determine whether the exclusion of evidence, if in error, was prejudicial. OEC 103(1)(b); *O'Brian v. Dunigan,* 187 Or 227, 210 P2d 567 (1949). Because defendant failed to make the requisite offer of proof, this court has no way of determining whether the exclusion of the evidence at issue was prejudicial error. *State v. Morales,* 266 Or 421, 513 P2d 798 (1973); *State v. Jenkins,* 246 Or 280, 424 P2d 894 (1967); *State v. Longoria,* 17 Or App 1, 520 P2d 912, *rev den* (1974).[4]

■■ As a final matter, we also reject defendant's third assignment of error, claiming that he was entitled to the assistance of an expert witness at the state's expense. ORS 135.055(4).[5] An indigent's right to defense expenses is not absolute and is conditioned upon a showing that such expenses are needed to prepare and present an adequate defense. Whether the services of an expert is necessry is a decision which "must be committed to the sound discretion of the court to which the request for expenses is directed." *State v. Acosta,* 41 Or App 257, 597 P2d 1282 (1979). Defendant has made no showing to justify our upsetting the trial court's judgment in this instance.

Affirmed.

---

[4] Consistent with our refusal to overturn the trial court's exclusion of the testimony at issue, we decline to upset the court's rejection of defendant's requested jury instruction relating to defendant's religious beliefs.

[5] Defendant wished to call as an expert an anthropologist familiar with North American Indian religious ceremonies. ORS 135.055(4) provides:

"(4) The person for whom counsel has been appointed is entitled to reasonable expenses for investigation, preparation and presentation of the case. The person or the counsel for the person may upon cause shown, which need not be disclosed to the district attorney prior to any hearing, procure approval and authorization on payment of such expenses as the court finds are necessary and proper in the investigation, preparation and presentation of the case, including but not limited to travel, telephone calls, photocopying or other reproduction of documents and expert witness fees."

Assuming that defendant's theory may fairly be said to implicate the issue, we hold that ORS 135.055(4) complies with the due process requirements of *Ake v. Oklahoma,* ___ US ___, 105 S Ct 1087, 84 L Ed 2d 53 (1985).