Argued and submitted July 27, 1987, affirmed June 22, reconsideration denied
August 12, petition for review denied September 20, 1988 (306 Or 661)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD FRANKLIN UNDERWOOD,
*Appellant.*

(MC86-1446; CA A42763)

756 P2d 72

Michael R. Lehman, Coos Bay, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judge.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 487.540. He assigns error to the trial court's denial of his motion for investigative expenses and his petition to enter a diversion program. We affirm.

■ Defendant was arrested for driving under the influence and was administered a breath test which indicated that he had a blood alcohol level of .18 percent. He filed a motion for investigative expenses to employ an expert. In the affidavit in support of his motion, he stated that, before his arrest, he had taken DMSO for pain associated with multiple sclerosis and that his attorney was "concerned that the use of [DMSO] may affect an Intoxilizer printout because of a chemical reaction in the body or in conjunction with the use of any amount [of] alcohol." Defendant indicated that he had contacted an expert who said that he could determine whether DMSO would affect a breath test. The trial court denied the motion for expenses on the basis that it was a "fishing expedition."

The statute governing investigative expenses available to court-appointed counsel is ORS 135.055(4), which provides:

> "The person for whom counsel has been appointed is entitled to reasonable expenses for investigation, preparation and presentation of the case. The person or the counsel for the person may *upon cause shown*, which need not be disclosed to the district attorney prior to any hearing, secure approval and authorization of payment of such expenses *as the court finds are necessary and proper* in the investigation, preparation and presentation of the case, including but not limited to travel, telephone calls, photocopying or other reproduction of documents and expert witness fees." [Emphasis supplied.]

Thus, defendant was required to convince the court that the expert was necessary to prepare and present an adequate defense. The trial court found that the expense was not necessary. Our review is limited to whether the trial court abused its discretion. *State v. Berry,* 76 Or App 1, 4, 707 P2d 638 (1985).

In *State v. Hammond,* 42 Or App 137, 139, 600 P2d 443 (1979), we affirmed the denial of a motion for expenses for an expert to challenge the accuracy of a breath test. We explained:

"There must be some showing from which the court can infer the existence of a reasonable probability that the expenditure will produce a benefit for the defense."

Defendant argues that, in contrast to *Hammond,* he has demonstrated some probability that the expert might be useful in his defense. He asserts that, after taking DMSO, the taste of garlic arises in his mouth, and the expert will be able to address whether that taste might affect the breath test.

However, defendant presented no evidence that demonstrated a reasonable probability that his expert would be helpful to his defense. The affidavit in support of his motion gives no indication that it was probable that DMSO would affect a breath test. His attorney indicated at oral argument in the trial court that she had no knowledge of the impact of DMSO on the test. That the taste of garlic arises after taking DMSO does not suggest any likelihood that the test would be affected. There was no indication that DMSO could have affected defendant's test. Accordingly, we conclude that the trial court did not abuse its discretion in denying defendant's motion for investigative expenses.

■ Defendant also assigns as error the trial court's denial of his petition for diversion on the ground that he had participated in a diversion program within the past ten years. *Former* ORS 813.210(4)[1] precludes diversion if, within the past ten years, a defendant either was convicted of DUII or forfeited bail or security on such a charge[2] or "has participated in a driving while under the influence diversion program or in any similar alcohol or drug rehabilitation program." Defendant contends that the trial court erred in denying his petition on the basis of his participation in a diversion program in the last ten years, because that program did not include a drug or alcohol rehabilitation program which, he argues, the statute requires.[3]

---

[1] *Former* ORS 813.210(4) was in effect at the time of this proceeding; its substantive provisions are now incorporated in ORS 813.215.

[2] The state argues that defendant forfeited bail and, thus, subsection (a) provides an alternative ground to deny defendant's request for diversion. In view of our disposition of the case, it is unnecessary to address the issue.

[3] Under the terms of his 1978 diversion agreement, defendant had to pay a fine, agree to take a breath test at any time requested and avoid conviction of any crime or major traffic offense for 120 days.

We conclude that a person who has participated in a driving under the influence diversion program in the last ten years is disqualified, even if the previous program did not include a drug or alcohol rehabilitation program. There is an ambiguity in the statute because the term *"similar* drug or alcohol rehabilitation program" can imply that the program also must include a drug or alcohol rehabilitation program. However, there is nothing in the legislative history of this subsection or other sections of this law to show any legislative intent or purpose in using the language that it did. Our interpretation must, therefore, be based only on the language which the legislature used.

The statute sets out the grounds for disqualification in the alternative. A person is disqualified if the person has participated in a driving under the influence diversion program *or* in a similar alcohol or drug rehabilitation program. The statute does not limit disqualifying driving under the influence programs to those involving alcohol or drug rehabilitation. Had the legislature intended so to limit disqualification, it could easily have done so by providing that a person is ineligible for diversion only if he had participated in any driving under the influence diversion program which included drug or alcohol rehabilitation.

Accordingly, defendant's participation in a DUII diversion program in 1978 precludes diversion. The court did not err in denying his petition.

Affirmed.