Argued and submitted October 30, 1989, reversed and remanded for new trial
January 17, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## EUGENE PAUL GLEASON,
*Appellant.*

(87CR-1791; CA A49181)

785 P2d 376

Daniel W. Goff, Eugene, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his conviction for manslaughter in the first degree. ORS 163.118. He assigns error to the trial court's denial of his motion for the appointment of an expert witness, arguing that it was necessary to his defense.[1] We reverse and remand.

In a pretrial motion, defendant requested that the court authorize funds to retain an expert medical witness. Defendant submitted two affidavits in support of his motion. The first stated that the state would likely call medical doctors who were expected to testify that the infant victim died as a result of child abuse and that defense counsel had no medical training or knowledge in the field of pediatric medicine to enable him to respond to that testimony. It also stated that defendant's counsel needed a medical expert to assist him in reviewing voluminous medical records, preparing for cross-examination of the experts and evaluating possible defenses. The second affidavit identified the medical expert whom defendant wished to retain and estimated the expense as $1,000. The trial court denied defendant's motion.

At trial, the state called eight expert witnesses and presented medical evidence that the infant's death was most likely a result of abuse.[2] Defendant was unable to offer any expert testimony to rebut the state's witnesses. He was convicted of manslaughter in the first degree and sentenced as a dangerous offender to 30 years imprisonment, with a minimum term of 15 years.

■ ■ ORS 135.055(3) provides that indigent defendants are entitled to reasonable expenses for investigation, preparation and presentation of their cases, including expert witness fees. Although the statutory right to expert witness expenses is not absolute, *State v. Acosta,* 41 Or App 257, 259, 597 P2d 1282 (1979), a defendant is entitled to them on a showing that they are needed to prepare and present an adequate defense. It is within the trial court's discretion to determine, on the facts

---

[1] Because we reverse and remand on defendant's first assignment of error, we need not address his second assignment.

[2] The prosecution called three board certified pediatricians, a board certified anatomical and clinical pathologist, a registered nurse, a hospital social worker, a medical social worker and a forensic scientist.

and circumstances of each case, whether a defendant has sufficiently demonstrated the need for an expert witness. *State v. Acosta, supra,* 41 Or App at 260. "There must be some showing from which the court can infer the existence of a *reasonable probability that the expenditure will produce a benefit for the defense.*" (Emphasis supplied.) *State v. Hammond,* 42 Or App 137, 139, 600 P2d 443 (1979).[3]

■     We conclude that depriving defendant of access to a medical expert, under these circumstances, denied his lawyer the opportunity to prepare effectively. This case involved complex medical issues beyond the legal expertise of defendant's attorney. The availabilty of an expert medical witness was vital for adequate trial preparation in determining strategy and in developing effective cross-examination. The trial court had before it sufficient information from which to infer a "reasonable probabilty" that expending funds on a medical expert would have produced "a benefit for the defense." We conclude that it abused its discretion in denying the motion for the appointment of an expert.

Reversed and remanded for a new trial.

---

[3] ORS 135.055(3) provides, in pertinent part:

"The person for whom counsel has been appointed is entitled to reasonable expenses for investigation, preparation and presentation of the case. The person or the counsel for the person may upon motion * * * secure approval and authorization of payment for such expense as the court finds are necessary and proper in the investigation, preparation and presentation of the case, including * * * necessary costs associated with obtaining the attendance of witnesses for the defense and expert witness fees."

This provision is identical to *former* ORS 135.055(2), which this court interpreted in *Acosta* and *Hammond.*