Argued and submitted March 28, convictions affirmed and
sentence modified September 5, reconsideration denied October 19, 1984,
petition for review denied January 15, 1984 (298 Or 553)

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD KENT WILSON,
*Appellant.*

(C83-01-30045; CA A28471)

687 P2d 800

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

Defendant appeals from convictions on three counts of robbery in the first degree, one count of burglary in the first degree and two counts of sexual abuse in the first degree. He makes five assignments of error: denial of motions to allow defense counsel to withdraw from the case; admission of certain prejudicial evidence; denial of a motion for a mistrial after the prosecutor called him an "animal"; imposition of minimum terms of imprisonment; and imposition of multiple minimum sentences pursuant to ORS 161.610 for convictions arising out of a single criminal transaction. We affirm in all respects except that we modify the sentence to eliminate the consecutive multiple minimum sentences.

Defendant and another person broke into a house and terrorized three adults and six children. During the course of their visit they engaged in such activities as hitting an adult male on the head with a shotgun, kicking him from time to time as he lay on the floor, sexually molesting two adult women and informing one of the female victims that they were going to shoot her for lying to them. Defendant and his companion were primarily looking for drugs or money to buy drugs. Some of the adults in the house were involved in a drug treatment program and regularly received methadone on Fridays. According to the adult victims, this was the second incursion that defendant and his companion had made into that house. There was testimony that, when they entered, they said, "Remember us?"

Defendant first argues that the trial court should not have denied his and his attorney's motions to allow defense counsel to withdraw from the case. During the course of the trial his counsel had been warned by the trial judge not to argue about the court's rulings and cautioned that he should act professionally. This exchange occurred in chambers.

"THE COURT: You have had one warning. That is what I meant when I said, 'That is one, [counsel].' Your second time that you argue over one of my rulings or do not stand up, I am going to hold you in contempt. I only have to give you one warning. You have your one.

"[Counsel]: Well, I sometimes * * *

"THE COURT: Is that clear [counsel]?

"[Counsel]: Clear. Sometimes it's inadvertent and I am sorry about that inadvertence.

"THE COURT: Well, your inadvertence, you are presumably a professional and an officer of the court. Control your inadvertence or do something else.

"[Counsel]: I will try my very best to do that.

"THE COURT: Don't just try, [counsel], do it. Act professional [sic].

"[Counsel]: Under the circumstances, your Honor, I may offer to resign then from this particular case as sometimes it does happen. It happens inadvertent [sic]. There is no disrespect or anything intended to the court.

"THE COURT: You are a professional and all I am saying, you are expected to act like one."

Because of that and similar exchanges, defense counsel claims to have been intimidated and so shaken as to be unable to put on an adequate defense. At one point counsel claimed that he could not read the notes on the paper in front of him. Defendant indicated to the court that he wanted to fire his attorney, because he believed that he was not being adequately represented. In response to defendant's and counsel's motions, the trial court said:

"THE COURT: I want the record to further indicate, gentlemen, the record to indicate that the court is firmly convinced [that counsel] is giving more than an adequate defense of this case. He is totally prepared for, which is obvious in his cross-examination by the fact that he is knowledgeable in all aspects of the evidence, and I don't think that defendant could ask for more than he is receiving from his attorney."

A request for removal of counsel is a matter within the trial court's discretion. The exercise of that discretion involves accommodating a defendant's right to effective counsel and the need for an orderly and efficient judicial process. A change of counsel at an advanced stage in a trial is necessarily disruptive of that process. That was the situation in this case. In that light, and given the trial court's finding that defense counsel was doing a capable job, which is supported by the record, we conclude that the trial court did not abuse its discretion by denying the motions. *See State v. Davidson,* 252 Or 617, 451 P2d 481 (1969); *State v. Jackson,* 228 Or 371, 365

P2d 294 (1961); *State v. Williams,* 43 Or App 949, 607 P2d 740 (1979); *State v. Glover,* 33 Or App 553, 577 P2d 91 (1978); *State v. Pflieger,* 15 Or App 383, 515 P2d 1348 (1973), *rev den* (1974).

Defendant argues that the trial court erred in admitting testimony by two of the victims that defendant had robbed them several months before. He contends that the evidence was not relevant and that, even if it were relevant, its prejudicial impact outweighed any probative value and that its admission was harmful. The challenged evidence was relevant, because defendant had tendered an alibi defense which made identification of the perpetrator particularly important to the prosecution's case. The ability of the victims to observe defendant on that previous occasion could help the jury to conclude that their present identifications of him were more likely to be accurate.

■■ A trial court has discretion to determine whether evidence is more probative than prejudicial, and its ruling will not be disturbed on appeal unless it has abused that discretion. *State v. Madison,* 290 Or 573, 579, 624 P2d 599 (1981). In the light of the alibi defense and the importance of the identification issue, we cannot say that the court abused its discretion.

■■ Defendant's next assignment is the court's denial of his motion for a mistrial made because the prosecutor had referred to him as an "animal" during closing argument. Defendant had objected. The trial court ordered the prosecutor to refrain from further use of that term, and he did. We review a ruling on a motion for mistrial only for abuse of discretion and will defer to the trial court unless we conclude as a matter of law that the defendant was unduly prejudiced. The court ordered the prosecutor to refrain from referring to defendant as an "animal" in the presence of the jury and also specifically instructed the jury that the arguments of counsel were not to be considered as evidence in the case. Given those curative efforts, the trial court did not abuse its discretion. *State v. Blake,* 53 Or App 906, 633 P2d 831, *rev allowed* 291 Or 893 (1981), *rev dismissed* 292 Or 486 (1982); *State v. Stanley,* 30 Or App 33, 566 P2d 193, *rev den* (1977).

■ Defendant's claim that the trial court erred in sentencing defendant to minimum terms of imprisonment under ORS 144.110(1) and ORS 161.610, is without merit.

*State v. Brown,* 296 Or 461, 676 P2d 877 (1984); *State v. Turner,* 296 Or 451, 676 P2d 873 (1984).

■　　Defendant's final assignment challenges part of the sentences imposed. He received a 20-year sentence on each of the three robbery convictions. In addition, the trial court imposed, for those convictions, three five-year mandatory minimum sentences pursuant to ORS 161.610 and two 10-year minimum sentences pursuant to ORS 144.110 to be served consecutively. His argument addresses only the minimums imposed under ORS 161.610 for the use of a firearm. In *State v. Hardesty,* 68 Or App 591, 682 P2d 824 (1984), we held that only a single minimum sentence can be imposed for a first conviction under ORS 161.610(5). Accordingly, defendant's sentence must be modified.

　　Convictions affirmed; sentence modified by eliminating two of the 5-year minimum terms imposed.