Argued and submitted August 5, reversed and remanded for new trial
September 23, 1987

STATE OF OREGON,
*Respondent,*

*v.*

LAWRENCE M. HEAPS,
*Appellant.*

(DA 330866-8610; CA A42991)

742 P2d 1188

Clint A. Lonergan, Portland, argued the cause for appellant. With him on the brief was Richard L. Lonergan, Portland.

William J. Magavern, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Terry Ann Leggert, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for assaulting a public safety officer. ORS 163.208. He contends, *inter alia,* that the trial court erred in denying his request for a second appointed counsel after he had a disagreement with his first appointed counsel. The issue is whether the trial court failed to exercise its discretion and, therefore, committed error in denying defendant's request for substitute counsel. We reverse.

Defendant, an indigent, was arrested in October, 1986. Counsel was appointed and trial was set for December 6. Thereafter, a conflict developed between defendant and his counsel. On December 5, defendant appeared without counsel before the presiding judge to determine whether the case was ready for trial. The following colloquy took place:

Defendant: "Your Honor, I request a setover * * *.

Judge: "Your attorney called in and said ready.

Defendant: "I haven't spoken to my attorney.

Judge: "Well, she's ready.

Defendant: *"Based on what was presented to me, I no longer wish to be represented by that counsel. I think she has misrepresented me.*

Judge: "At the moment, she is your attorney and she made a decision for you.

Defendant: "I'm here to represent myself. *The attorney is not representing me fairly * * *.*

Judge: "If you want to, if you're going to discharge her this morning, we need something in writing and then you are on your own. You'll be representing yourself at a jury trial that will be up in four weeks.

Defendant: "Oh, OK, what happens to my rights to appeal if I represent myself?

Judge: "They're the same, they don't change.

Defendant: "All right.

Judge: "All right what?

Defendant: "What do you need in writing?

Judge: "That you're acting as your own counsel. We have a letter form here. OK, its your first request for a setover. We'll reset it." (Emphasis supplied.)

On January 6, 1987, defendant appeared, again without counsel, before the trial judge. This colloquy took place:

Judge: "You ready to go on this?

Defendant: *"I would like to be represented by an attorney.*

Judge: "Now wait a minute.

Defendant: "I understand that Your Honor * * *.

Judge: "You can't come here the day of trial and say you want a lawyer. You waived a lawyer. You had a chance to get a lawyer and you insist [sic] on representing yourself before.

Defendant: *"I waived a lawyer because she wanted me to take a plea and she was doing * * * wasn't representing me the way I wanted her to. I then asked the court to * * *.*

Judge: "We're going to trial this morning, sir.

Defendant: *"That's fine. I would just rather have an attorney, I can't afford an attorney that's all.*

Judge: "Do you work?

Defendant: "I haven't been able to get work.

Judge: "It's too late in the game to come in and ask for a lawyer, I'll tell you that.

"The [presiding] judge probably made that understood when you started firing lawyers.

Defendant: *"I asked for [different counsel] 30 days ago when I asked for the setover* because she was * * * she wasn't representing me the way I wanted her to.

Judge: "And then you were going to represent yourself. That's what its got here.

"Are you ready to go?

Defendant:     "I'm present.

Judge:         "All right, we're going." (Emphasis supplied.)

Defendant went to trial without counsel and was found guilty by the jury.

This case does *not* involve a waiver of counsel. The state concedes that defendant did not waive his right to counsel. It argues, however, that, after he fired his appointed counsel, he did not timely request new counsel and that, therefore, the trial court did not abuse its discretion in refusing to appoint new counsel. Alternatively, it argues that defendant understood his rights and the charges against him, that he voluntarily discharged his counsel, that he made an intelligent and understanding choice to represent himself, that his request for new counsel on the day of trial was untimely and that, therefore, the trial court did not abuse its discretion in refusing to appoint new counsel.

The right to counsel is guaranteed by Article I, section 11, of the Oregon Constitution, and by the Sixth Amendment and ORS 135.045. The right encompasses the right not to be forced to proceed with a particular counsel. *State v. Barnett,* 41 Or App 797, 802, 598 P2d 1301, *rev den* 287 Or 641 (1979). The right to substitute counsel is not absolute, and a request for removal of counsel is a matter within the trial court's discretion. *See* ORS 135.050(5); *State v. Pagan,* 80 Or App 65, 721 P2d 859, *rev den* 301 Or 766 (1986); *State v. Wilson,* 69 Or App 569, 572, 687 P2d 800, *rev den* 298 Or 553 (1984). The exercise of that discretion requires accommodating a defendant's right to effective counsel and the need for an orderly and efficient judicial process. *State v. Wilson, supra,* 69 Or App at 572. A defendant must be permitted to state the reasons why he believes that appointed counsel should be discharged and new counsel appointed. *See People v. Lucky,* 41 Cal 3rd 315, 221 Cal Rptr 880, 710 P2d 959 (1985).

Essentially, defendant was told that he had to choose between proceeding with his appointed counsel, with whom he had a conflict, or to proceed without counsel. Although the record does not show the specific nature of his conflict with appointed counsel, his December 5 statement to the presiding judge notified the court that defendant wanted new counsel

because he did not believe his counsel was representing him fairly. His January 6 statement to the trial judge indicated that his counsel wanted him "to take a plea" when, apparently, he wanted to go to trial. Neither the presiding judge nor the trial judge asked him to explain further why he believed that his appointed counsel should be discharged and substitute counsel should be appointed. As far as the record shows, defendant's counsel did not advise the court that there was any conflict between them and, after defendant informed the court of the conflict, neither judge asked counsel to explain. Nor did either judge make any attempt to determine whether defendant understood the implications of the choices presented to him. He was not informed of the difficulties of proceeding without counsel, the advantages counsel could provide or the responsibility that defendant would incur by defending himself.[1]

We conclude that the trial court erred in failing to exercise its discretion in response to defendant's timely and unequivocal request for new counsel based on a conflict with his first appointed counsel.[2] The court's failure to inquire into the nature of the conflict and to evaluate the merits of defendant's complaint concerning his first appointed counsel gave the court no basis on which to determine whether his constitutional right to effective counsel was being honored. That was reversible error.

Reversed and remanded for a new trial.

---

[1] At trial, defendant relied on the defense of self-defense and argued that theory to the jury. He did not request that the jury be instructed on the law of self-defense, *see* UCJI 1107, and the trial court did not do so *sua sponte*. Because we reverse, we need not address defendant's contention that the trial court also erred in failing to instruct on self-defense.

[2] The record here shows a failure to *exercise* discretion rather than an abuse of discretion.