Argued and submitted May 22, affirmed November 8, 1989

STATE OF OREGON,
*Respondent,*

*v.*

HENRY FRANK HIGLEY,
*Appellant.*

(T7878A; CA A50131)

781 P2d 1245

Raymond W. Hess, Hillsboro, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for driving under the influence. ORS 813.010. He assigns as errors that the trial court denied his motion to postpone and "forced" him to proceed to trial without counsel. We affirm.

On May 20, 1988, defendant was arrested. On June 7, the court set a trial date of July 20. On June 21, the state moved to postpone, because one of its police witnesses would be unavailable on July 20. The district attorney told the court that defendant did not oppose the motion.[1] The court reset the trial for August 10. On July 26, the state again moved to postpone, because the arresting officer would be unavailable on August 10. It stated that defendant was unrepresented at that time and that it had been unable to contact him to obtain his position on the motion. The court granted the motion and postponed the trial to September 28. Defendant knew of the postponement and the new trial date not later than August 5.[2]

On September 22, defendant moved to postpone the trial, because, as he stated, his work required him to be out of town and "my attorney * * * is no longer in business." He also stated that he had become aware of these reasons on September 20. The court denied the motion.

On September 28, defendant appeared for trial without counsel and renewed his motion for a continuance. He told the court:

"I have been looking for an attorney. My other attorney is now no longer working as an attorney. She is working * * * as a public defender and when I got a hold of her, then I had to seek another attorney because she is no longer in business. So I have talked to four or five, and the last one wanted $3500 to take my case, and I thought that was a little high."[3]

He continued:

"Money is not the only reason that I did not have an attorney

---

[1] The trial court file contains no indication that defendant had counsel at that time.

[2] Defendant stated at trial that he found out about the second reset approximately five days before the August 10 trial date. There is a handwritten notation in the court file that defendant was notified "8/3."

[3] Defendant does not contend that he was indigent or that he lacked the ability to pay $3500.

at all. Most of these attorneys I got a hold of about twenty days before this thing came up, on down the line up to the seventh day. Most of them are so docketed up that they wouldn't take the case because they were too full."

He stated that he could not defend himself. The state opposed the motion on the ground that it would be prejudiced by a delay, because its witnesses had been subpenaed and were present. It also argued that defendant could have obtained counsel. The court stated that it was reluctant to contradict the September 22 decision and that it had considered whether defendant had an ample opportunity to obtain counsel and if any prejudice to the state would result from a continuance. It denied the motion. The case was tried, and defendant was convicted.

■ A motion for a continuance is addressed to the court's discretion. We review for abuse of discretion. *State v. Hickey,* 79 Or App 200, 203, 717 P2d 1287 (1986). In *State v. Schmick,* 62 Or App 227, 232, 660 P2d 693, *rev den* 295 Or 122 (1983), we said:

"Where a defendant has failed to obtain counsel at the time of trial after a reasonable opportunity to do so, he may be compelled to go to trial without counsel. The appropriate considerations are whether the defendant has had a reasonable opportunity to obtain counsel, whether his failure to obtain counsel is a result of his own actions and whether the interests of the state would be prejudiced by the delay." (Citations omitted.)

In *State v. Zaha,* 44 Or App 103, 107, 605 P2d 306 (1980), we said:

"Where, as here, the defendant's inability to proceed with counsel of his choice was caused by circumstances in the control of others and despite his reasonable efforts to secure counsel on time, the judicial delay caused by allowance of a continuance to secure counsel of choice would be outweighed by defendant's right to counsel."

■ Unlike in *Zaha,* defendant's lack of counsel was not the result of circumstances in the control of others. He did not make reasonable and timely efforts to obtain counsel. Defendant knew in June that he would be tried on the DUII charge and that he would need an attorney. He knew of the September 28 trial date by August 5. There is nothing in the

record, however, that indicates that defendant had ever employed an attorney in this matter. Indeed, the record indicates that the attorney who had become a public defender had never agreed to represent defendant on the DUII charge and that he did not contact her until some time in early September. Even if what defendant told the court on September 28 was accurate, he had not contacted any other attorneys until about 20 days before September 28. Moreover, it appears that he did not employ an attorney at the time because he chose not to incur the expense. His failure to obtain counsel, therefore, was not due to indigency or circumstances beyond his control, but resulted from his own lack of effort and his own choice. The court did not abuse its discretion when it denied defendant's motion.

Affirmed.