Argued and submitted June 27, reversed and remanded for new trial
September 12, 1990

STATE OF OREGON,
*Respondent,*

*v.*

DAVID E. McCABE,
*Appellant.*

(882189; CA A60587)

797 P2d 406

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Edmonds, Presiding Judge, and Riggs and Newman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals his convictions for possession and delivery of a controlled substance. ORS 475.992(4); ORS 475.992(1). He argues that the court erred by denying his request for appointment of different counsel.[1] We reverse.

■        Defendant was charged with possession and delivery of a controlled substance. Counsel was appointed for him, and he pled not guilty. Before trial, defendant wrote a letter asking the court to appoint different counsel. On February 17, 1989, the court held a hearing on defendant's request, without his counsel being present. Only part of that hearing is reported, but the record reveals that defendant was having difficulty contacting counsel and that he had concerns about his attorney's health problems and ability to represent him at trial. The court told him:

> "You can talk to him about this matter. And then if you and he can't arrive at something, you can come back in here and ask to have new counsel appointed. But I don't have the authority to appoint new counsel just because you don't like your attorney."

After further discussion, defendant replied that he would try to work things out with his attorney.[2]

On February 23, 1989, a hearing was held on a proposed change of plea by defendant. Defendant's attorney appeared without defendant and indicated that defendant had reneged on a plea bargain that he had been trying to arrange with the District Attorney and that defendant had requested a new lawyer. Counsel stated:

> "So at this point we are staring a two-day trial in the face a week beforehand. And * * * we are still playing games."

The court stated to counsel that it would not appoint another attorney simply because defendant wants to "play games with the court[,]" and that, if defendant wanted to fire his attorney, then he could represent himself.

Defendant was then brought into court. The court did

---

[1] Because of our disposition of the case, we need not address defendant's other assignments of error.

[2] We understand from the comments by the trial judge that he continued the hearing and postponed any ruling on defendant's request.

not inquire further about defendant's specific complaints about his attorney. The court told him:

"[Your attorney] has indicated that you do not wish to change your plea, which is fine. We have got the trial date set for the 28th of February and the 1st of March. And it will go as scheduled unless you had something you wanted to tell the Court as far as how you want to proceed on this.

"I indicated when I had you down here the other day that I wasn't going to appoint a new attorney, that you have competent counsel. He is totally adequate to represent you. And if you wanted to get your own attorney that is something you could do.

"* * * * *

"But come whatever may, we are going to go to trial on the 28th and the 1st unless you enter a plea, which terminates these proceedings. So it is up to you how you want to proceed.

"* * * * *

"I told you what the situation is. And if you want to go to trial representing yourself you can do that. Or if you want to proceed with your attorney that is there and ready, willing, and able to represent you, we will do that.

"But you are not going to make a decision on who is going to be representing you as to which attorney it is."

Defendant elected to represent himself. The court ordered his previous attorney to be available in the courtroom if needed.

On February 28, the morning of trial, defendant moved for a continuance and indicated that he was not ready to represent himself. The court denied the motion and told defendant that the trial was going forward that day. Defendant represented himself and was convicted. On appeal, he argues that the court abused its discretion by denying his request for new counsel without inquiring into defendant's complaints. The state responds that defendant implicitly withdrew the request for new counsel on February 17, by saying that he would try to work things out with his attorney. It also argues that the court thoroughly explored defendant's reasons for his dissatisfaction with counsel.

In *State v. Heaps,* 87 Or App 489, 742 P2d 1188 (1987), we said:

"The right to counsel is guaranteed by Article I, section 11,

of the Oregon Constitution, and by the Sixth Amendment and ORS 135.045. The right encompasses the right not to be forced to proceed with a particular counsel. *State v. Barnett,* 41 Or App 797, 802, 598 P2d 1301, *rev den* 287 Or 641 (1979). The right to substitute counsel is not absolute, and a request for removal of counsel is a matter within the trial court's discretion. *See* ORS 135.050(5); *State v. Pagan,* 80 Or App 65, 721 P2d 859, *rev den* 301 Or 766 (1986); *State v. Wilson,* 69 Or App 569, 572, 687 P2d 800 (1984), *rev den* 298 Or 553 (1985). The exercise of that discretion requires accommodating a defendant's right to effective counsel and the need for an orderly and efficient judicial process. *State v. Wilson, supra,* 69 Or App at 572. *A defendant must be permitted to state the reasons why he believes that appointed counsel should be discharged and new counsel appointed. See People v. Lucky,* 41 Cal 3rd 315, 221 Cal Rptr 880, 710 P2d 959 (1985)." 87 Or App at 493. (Emphasis supplied.)

Defendant made a request for new counsel. The court continued any ruling on his request at the February 17 hearing and that request was renewed through his counsel on February 23. Before ruling on February 23, the court made no inquiry into defendant's specific complaints after he had attempted to work things out with his counsel. It summarily called him into the courtroom and presented three[3] choices to him: He could continue to be represented by his present attorney, represent himself or change his plea. We conclude that the trial court erred by not inquiring of defendant why he was requesting different counsel at that time.

Reversed and remanded for a new trial.

---

[3] We note that the court actually presented defendant with a fourth choice of obtaining an attorney at his own expense. The court quickly noted, however, that it was not an option, because defendant was indigent and could not afford an attorney. If a defendant elects to represent himself, the election must be an informed one. *See State v. Verna,* 9 Or App 620, 626, 498 P2d 793 (1972).