Argued and submitted May 22, affirmed July 8, reconsideration denied
September 23, petition for review denied October 27, 1992 (314 Or 574)

STATE ex rel Dave FROHNMAYER
and Oregon State Bar,
*Respondents,*

*v.*

CONSUMER SOUNDING BOARD, INC.,
*Defendant,*

*and*

Peggy Ann MUSE,
aka Margaret Ann Muse,
*Appellant.*

(87-5460-Z, 82-4247-NJ-2;
CA A67521 (Control), A67622)
(Cases Consolidated)

834 P2d 467

David E. Groom, Portland, argued the cause and filed the brief for appellant.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thomas M. Christ, Portland, argued the cause for respondent Oregon State Bar. With him on the brief were Mitchell, Lang & Smith, Portland, and Martha M. Hicks, Lake Oswego.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from a judgment holding her in contempt, assigning error to the court's refusal to postpone the contempt hearing until she had obtained an attorney and to its entering the judgment holding her in contempt.[1] We affirm.

In an action brought by the Oregon State Bar in 1982, the circuit court enjoined defendant, a nonlawyer, from practicing law. In 1987, defendant consented to an order containing the same prohibition in an action brought by the state. Three years later, the Bar and the state moved the court to hold defendant in contempt for violation of the injunctions. After finding that defendant had wilfully engaged in the practice of law, the court entered two judgments, one in each case, holding her in contempt and imposing penalties.

The contempt hearing was originally set for August 20, 1990. On August 1, the state's attorney wrote to the court expressing concern that defendant might attempt to delay the proceeding by waiting until the date set for hearing to seek court-appointed counsel. Defendant responded, but did not indicate that she was unable to afford an attorney or that she was having difficulty obtaining one.[2] On August 20, defendant's attorney appeared and requested a postponement, because he had been retained just 3 days earlier. The hearing was postponed until September 7. On September 5, defendant's attorney resigned, because defendant had failed to pay a retainer or to sign a retainer agreement; had missed several appointments; and had filed a petition, without his knowledge or consent, to remove the cases to federal court in California. Defendant appeared on September 7 and requested that the hearing be postponed until she could obtain an attorney. The court denied the request.

Defendant assigns error to that denial, and we review for abuse of discretion. *State v. Higley*, 99 Or App 298, 301, 781 P2d 1245 (1989). The trial court found that defendant had had a reasonable opportunity to obtain counsel and that

---

[1] This case is subject to the contempt laws before the 1991 amendments.

[2] On August 14, the state's attorney wrote another letter to the court to voice his concern that defendant had not yet obtained counsel, applied for a court-appointed attorney or requested a postponement.

failure to do so was the result of her own actions. The court balanced defendant's right to retain counsel of her choice against the state's need to conclude the case in a timely manner, *see State v. Schmick*, 62 Or App 227, 660 P2d 693, *rev den* 295 Or 122 (1983), and denied defendant's request for postponement. The court did not abuse its discretion.

■     Defendant next assigns as error the court's holding her in contempt. She claims that the evidence is insufficient to support the finding that she had engaged in the practice of law without a license. Several witnesses, "clients" and previous employees, testified that she had given procedural and substantive advice on legal issues and had advised them how to fill out forms. Defendant offered no evidence to rebut that evidence or the exhibits offered by plaintiffs. Defendant's activities constituted the practice of law. *See Oregon State Bar v. Gilchrist*, 272 Or 552, 538 P2d 913 (1975). The court did not err in holding her in contempt.

Affirmed.