Argued and submitted July 11, 1994, affirmed February 1, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# SEAN ROBERT EDWARDS,
*Appellant.*

## (9308-6176C; CA A82028)

890 P2d 423

Garrett A. Richardson argued the cause for appellant. With him on the brief was Multnomah Defenders.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his conviction for possession of a weapon by an inmate. ORS 138.040; ORS 166.275. He argues that the trial court abused its discretion in refusing to grant his request for substitution of counsel. We affirm.

Defendant was being held at the Snake River Correctional Institution when he was caught with a weapon. He was arraigned on August 20, 1993, and, at that time, counsel was appointed to represent him. On August 30, 1993, the court received the first in a series of letters from defendant complaining about threats made against him by Department of Corrections employees. In a letter dated September 5, 1993, defendant again complained about the threats, noted that he was being held in solitary confinement, and was unable to make phone calls or visit the law library. He also stated that he had not spoken to his attorney. In the interim, defendant's counsel sent an investigator to interview defendant. On September 14, 1993, after the investigator's visit, defendant wrote another letter to the court, stating that he "would like to retain another attorney [with whom] there is no conflict of interest." Thereafter, defendant refused to see his attorney.

On September 22, defendant's attorney filed a motion to withdraw based on "reasons which cannot be set forth without a violation of the confidentiality of certain communications." The court held a hearing on the motion on September 24, but it was continued, because defendant's presence had not been arranged. The hearing was continued to September 27 and, at that time, the court inquired into defendant's reasons for requesting another attorney. Defendant told the court that there was a conflict of interest, because the investigator whom his counsel retained had been in an "intimate relationship" with the prison guard who was the state's main witness.[1] Defendant also stated that his "legal counsel was very inadequate," because he met with defendant only once before defendant's arraignment. The court, after hearing defendant's complaints and questioning him and his counsel, denied the motion. The court then gave

---

[1] Defense counsel acknowledges that nothing in the record establishes the nature or the length of the relationship between the investigator and the potential witness.

defendant the choice of proceeding to trial with the currently appointed counsel or going to trial on his own. Defendant chose to continue with his appointed counsel, went to trial and was convicted.

 Defendant first argues that the trial court erred in denying his request for substitution of counsel. The right to substitute court appointed counsel is not absolute, and we review the trial court's decision for abuse of discretion. *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992); *State v. Heaps*, 87 Or App 489, 742 P2d 1188 (1987). The exercise of that discretion requires a balancing of a defendant's right to effective counsel and the need for an orderly and efficient judicial process, *State v. Wilson*, 69 Or App 569, 572, 687 P2d 800, *rev den* 298 Or 553 (1984), but

> "a defendant has 'no right to have another court-appointed lawyer in the absence of a legitimate complaint concerning the one already appointed for him.' " *State v. Langley, supra,* 314 Or at 257 (quoting *State v. Davidson,* 252 Or 617, 620, 451 P2d 481 (1969)).

A request for substitution of counsel, therefore, requires a factual determination of whether a defendant has presented a "legitimate complaint." A "legitimate complaint" is one "based on an abridgement of a criminal defendant's constitutional right to counsel." *State v. Langley, supra,* 314 Or at 258. Here, defendant attempts to establish a legitimate complaint based on two grounds: the perceived conflict of interest and the inadequacy of counsel.

As both the trial court and defendant's counsel recognized, the fact that the investigator had an "intimate relationship" with one of the state's witnesses simply does not establish a legal conflict of interest with his court-appointed attorney. *See* Oregon Code of Professional Responsibility, DR 5. The record does not indicate that the relationship between the *investigator* and the potential witness interfered in any way with *counsel's* representation of defendant. Defendant has not demonstrated that this "conflict" abridged his constitutional right to counsel. Defendant might request that the investigator no longer be involved in the case, but, on this record, the investigator's relationship with a potential witness does not, without more, warrant appointment of a different attorney.

■ ■ Next, defendant argues that he has a legitimate complaint based on his counsel's failure to communicate with him and investigate the case. If counsel did, in fact, ignore or give inadequate attention to this case, that might constitute an abridgement of his right to counsel, because the right to counsel requires the "adequate performance of an appointed lawyer's professional assistance." *State v. Langley, supra,* 314 Or at 258. Adequate performance requires counsel to investigate the facts and research the law

> "to the extent appropriate to the nature and complexity of the case so that he is equipped to advise his client, exercise professional judgment and represent the defendant in an informed manner." *Krummacher v. Gierloff,* 290 Or 867, 875, 627 P2d 458 (1981).

*See also Mellem v. State of Oregon,* 106 Or App 642, 809 P2d 1348 (1991). However, counsel need not "automatically do the defendant's bidding in all respects" nor "expend time and energy uselessly or for negligible potential benefit under the circumstances of the case." *Krummacher v. Gierloff, supra,* 290 Or at 874.

The record reveals that counsel attempted to visit defendant and investigate the case, but that, after the investigator's visit, defendant refused to see him because of the perceived conflict. To the extent counsel did not communicate with defendant, it was because of defendant's own intransigence. We also note that defendant does not argue that the lack of investigation, if any, prejudiced his defense. *Cf. Chew v. State of Oregon,* 121 Or App 474, 477, 855 P2d 1120, *rev den* 318 Or 24 (1993) (counsel's inadequate assistance must prejudice the defense before a defendant is entitled to relief). In these circumstances, the court did not abuse its discretion in refusing to grant defendant's request for substitution of counsel.

■ Finally, defendant argues that *the court* failed to adequately investigate his complaints about his attorney. When a criminal defendant requests substitute counsel, the court must allow a defendant to state the reasons why new counsel should be appointed and the court must "inquire into the nature and evaluate the merits of defendant's complaints." *State v. Bronson,* 122 Or App 493, 497, 858 P2d 467 (1993). Defendant points to some comments made by the

court at the first hearing on September 24, as indicating that the court prejudged the outcome of the second hearing. Specifically, the court said:

"I can tell him the reality of where we're at on his case. He's going to appear next Wednesday [September 29], he's not going to have any attorney, except you know, one sitting that he refuses to talk to. And he's going to trial. So, he might as well recognize the reality."

However, on September 27, when the court began its inquiry into the situation, it said:

"With regard to the conflict, if there is a viable basis for the conflict, that's one thing, but simply because he thinks there is some kind of a conflict which may not in fact, be genuine in fact, or law, is not going to cut it either. So I guess we need to know where we're at."

The court then questioned defendant as to the basis of his desire to release his attorney. The court also questioned defendant's counsel as to whether there was a conflict. The court, after making a diligent inquiry, determined that, in fact, there was no conflict of interest and that counsel was not inadequate. The record makes clear that defendant was allowed to state the reasons why he felt counsel should be substituted and that the court evaluated the merits of his complaints. *See State v. Bronson, supra,* 122 Or App at 497. There was no abuse of discretion in refusing to substitute counsel.

Affirmed.