Argued and submitted October 31, affirmed December 31, 1996

# STATE OF OREGON,
## *Respondent,*

*v.*

# PATRICK JAY KEERINS,
## *Appellant.*

## (95P-3311; CA A90702)

932 P2d 65

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals from a judgment of conviction for robbery in the second degree. ORS 164.405. He assigns error to the trial court's denial of a continuance so that he could hire substitute counsel and argues that he was unconstitutionally sentenced under Ballot Measure 11, a voter initiative mandating minimum sentences for certain felonies. We affirm.

Defendant's conviction stems from a shop-lifting incident at the Payless store in Dallas, Oregon, on May 18, 1995.[1] Because force was used against a store security guard, defendant was indicted for robbery in the second degree. He was arraigned July 10, 1995, and appointed counsel the next day. Trial was scheduled for August 29, 1995. On August 25, a continuance was allowed for defendant to take a polygraph test. Defendant assumed that the charge would be dismissed if he passed the test. Trial was reset for September 7, 1995.

On that date, about eight minutes before trial, defendant told the court that he wanted to fire his appointed attorney and hire another lawyer, to be retained by his parents. Defendant's dissatisfaction with counsel apparently arose a week and a half before, when defendant learned that he had failed the polygraph test and that his attorney gave him only a 10 percent chance of winning at trial. Defendant also was upset because his attorney had incorrectly told him that he had been indicted for robbery in the first degree.[2] The trial court found defendant's request untimely, noting that he had been arraigned approximately two months before and could have hired his own lawyer during that time. Defendant was found guilty by a jury and sentenced to 70 months in prison pursuant to Measure 11.

On appeal, defendant first assigns error to the denial of a continuance to hire a new attorney. Citing *State v. Edwards*, 132 Or App 590, 594, 890 P2d 420 (1995), and *State v. Bronson*, 122 Or App 493, 497, 858 P2d 467 (1993), he

---

[1] *See State v. Spence*, 145 Or App 496, 932 P2d 63 (1996).

[2] The prosecutor's information charged defendant with both first and second degree robbery, but the grand jury only returned an indictment for robbery in the second degree.

argues that the trial court was required to inquire into and evaluate the merits of his complaints about counsel before denying his request for a new lawyer. Although defendant concedes that allowing him to recite his allegations satisfied the "inquiry" prong, he asserts that the court failed to evaluate the merits of those allegations.

In addressing an indigent defendant's request for substitute counsel, the trial court must balance the defendant's right to effective[3] counsel against the need for an orderly and efficient judicial process. *Edwards*, 132 Or App at 593; *State v. Heaps*, 87 Or App 489, 493, 742 P2d 1188 (1987). The denial of substitute counsel is reviewed for abuse of discretion. *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992), *adhered to on recons* 318 Or 28, 861 P2d 1012 (1993); *Heaps*, 87 Or App at 493. To exercise its discretion properly, the trial court must " 'inquire into the nature and evaluate the merits of defendant's complaints.' " *Edwards*, 132 Or App at 594, *quoting Bronson*, 122 Or App at 497; *Heaps*, 87 Or App at 493.

*Edwards, Bronson,* and *Heaps* addressed requests by indigent defendants to obtain new *court-appointed* counsel and were based on a statute granting the trial court authority to "substitute one appointed counsel for another[.]" ORS 135.050(5). Because defendant here wished to *hire* another lawyer, his reliance on *Edwards* and *Bronson* is misplaced. Unlike an indigent defendant, a person with the means to retain a lawyer need not obtain court approval to do so. *See State v. Schmick*, 62 Or App 227, 232, 660 P2d 693, *rev den* 295 Or 122 (1983) ("a defendant who is able to retain counsel is free to do so * * * at any time"). Because defendant did not need the court's permission, the court was not required to evaluate the merits of defendant's complaints.

What defendant sought was a *continuance* to give him time to retain counsel.[4] A motion for a continuance to

---

[3] Although in *Edwards* and *Heaps* we spoke of the right to "effective" counsel, the Supreme Court has stated that " 'the term "adequate" assistance of counsel may be more accurate than "effective" assistance of counsel. Counsel cannot always be effective, but they must always be "adequate" to the task.' " *State v. Langley,* 314 Or 247, 258, 839 P2d 692 (1992), *adhered to on recons* 318 Or 28, 861 P2d 1012 (1993), *quoting Krummacher v. Gierloff,* 290 Or 867, 872 n 3, 627 P2d 458 (1981).

[4] We also note that defendant assigns error to the denial of a "set-over," not the denial of substitute counsel.

hire an attorney is also addressed to the trial court's discretion. *State v. Higley*, 99 Or App 298, 301, 781 P2d 1245 (1989). It is not an abuse of discretion to deny a continuance that is requested on the day of trial, when a defendant had a reasonable opportunity to obtain counsel but had failed to do so because of his own lack of effort and his own choice. *Higley*, 99 Or App at 301-02, *citing Schmick*, 62 Or App at 232.

■ Although defendant's complaints about his attorney apparently arose about a week and a half before, he waited until eight minutes before trial to inform the court that he wanted a new lawyer. His explanation for the delay was his incarceration in the Intensive Management Unit (IMU) at the Oregon State Penitentiary. However, as the state points out, defendant did not claim that he was held incommunicado in the IMU, and there is no indication in the record that he was otherwise prevented from contacting the court regarding his desire for new counsel, or from contacting his parents so they could hire a lawyer.

We do not hold that, had defendant retained substitute counsel, a week and a half would have been sufficient time to prepare defendant's case. That is not the question before us. We hold only that it was not an abuse of discretion to deny a continuance that was requested eight minutes before trial when defendant knew at least a week and a half earlier that he wanted a new lawyer.

■ Defendant next argues that imposition of a 70-month sentence pursuant to Measure 11 violates the "separation of powers" principles of Article III, section 1, and the "reformation clause" of Article I, section 15, of the Oregon Constitution. We have already rejected those arguments in *State v. Jackson/Hoang*, 145 Or App 27, 32-34, 929 P2d 323 (1996), and *State v. Lawler*, 144 Or App 456, 466-69, 927 P2d 99 (1996), respectively.

Affirmed.