# STATE OF OREGON,
*Respondent,*

*v.*

# ARTHUR DEKUM SPENCE,
*Appellant.*

(95P-3316; CA A90467)

932 P2d 63

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Hasel-ton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals from a judgment of conviction for robbery in the second degree. ORS 164.405. He assigns error to the trial court's denial of a mistrial based on the prosecutor's reference to "other crimes evidence" during opening statement, and argues that he was unconstitutionally sentenced under Ballot Measure 11, a voter initiative mandating minimum sentences for certain felonies. We affirm.

Defendant's conviction stems from a shoplifting incident at the Payless store in Dallas, Oregon, on May 18, 1995. Store security guard Larry Moore saw defendant place several rolls of film in his shirt and leave the store without paying. When Moore pursued defendant into the parking lot, defendant charged into Moore and jumped into a van driven by codefendant Keerins.[1] Keerins backed up, striking Moore in the head and leg with the open passenger door. Moore was knocked into the van and defendant slapped and kicked him. Moore managed to retrieve two boxes of film before getting out of the van. Police were unable to locate defendants until about a month later in Corvallis, where Moore saw them in another Payless store stuffing drill bits into their jackets. The two were arrested and indicted for robbery in the second degree, ORS 164.405,[2] based on the Dallas incident.

Defendant and Keerins were tried jointly. During opening statements, the prosecutor referred to the second shoplifting incident in Corvallis:

---

[1] *See State v. Keerins*, 145 Or App 491, 932 P2d 65 (1996).

[2] ORS 164.405(1) provides, in part:

"A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"* * * * *

"(b) Is aided by another person actually present."

ORS 164.395 provides, in part:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking[.]"

"On June 26, 1995, Mr. Moore is working security for the Payless Store in Corvallis, Oregon. He sees defendant Spence and defendant Keerins in the Payless Store. And what are they doing? Defendant Spence is stuffing drill bits into his jacket[.]"

Defendant objected and moved for a mistrial on the grounds that reference to the Corvallis incident was irrelevant and prejudicial. The trial court ruled that evidence of the second shoplifting incident could be used only to explain why Moore initially noticed defendants in the Corvallis store, but not to prove that they had committed a crime in Corvallis or that they were guilty of committing a robbery in Dallas. The court then instructed the jury to that effect.[3]

During the trial, Moore testified that he noticed defendants in the Corvallis store "looking at drill bits. And they appeared to be making hand motions from the display into the inside of their jackets." When defendant objected, the trial court again instructed the jury

"to consider this only for what drew this witness's attention to these two persons and not to whether or not there was a crime committed in Corvallis * * * — that is not to be considered for anything on whether or not a crime was committed here in [Dallas]."

The jury found defendant guilty and the trial court sentenced him to a 70-month prison term pursuant to Measure 11.

Defendant first assigns error to the denial of his motion for a mistrial based on the prosecutor's reference to the Corvallis incident. A motion for mistrial is addressed to the trial court's discretion. *State v. Smith*, 310 Or 1, 24, 791 P2d 836 (1990). It is not an abuse of discretion to deny a mistrial based on a prosecutor's improper comments "unless the effect of the prosecutor's remarks is to deny a defendant a fair trial." *Id.*

---

[3] Defendant contends that the trial court excluded any mention of the Corvallis incident. That is incorrect. The court only excluded from evidence the stolen property recovered from the van in Corvallis. Referring to that evidence, the court ruled: "It has very little relative value compared to the prejudice. So I'll sustain the objection then to evidence of other wrongs or bad acts involving the Corvallis incident, the search and discovery of other stolen property." The court obviously reached the opposite conclusion regarding *testimony about* that incident, which is apparent from its instructions to the jury.

■ Here, the prosecutor's comments did not deny defendant a fair trial. Indeed, the prosecutor's comments were not improper. The court admitted evidence relating to the Corvallis incident for a very limited purpose, and the prosecutor did not exceed that purpose in her opening statement. The court twice instructed the jury as to the permissible use of that evidence, once immediately after the prosecutor's reference and again when Moore mentioned it while testifying. Because defendant does not assign error to the *admission* of the Corvallis evidence, we treat it as properly admitted.[4] Accordingly, the prosecutor's remark did not constitute grounds for a mistrial.

■ Defendant argues that the imposition of a 70-month sentence pursuant to Measure 11 violates the "separation of powers" principles of Article III, section 1, and the "reformation clause" of Article I, section 15, of the Oregon Constitution. We have already rejected those arguments in *State v. Jackson/Hoang*, 145 Or App 27, 32-34, 929 P2d 323 (1996), and *State v. Lawler*, 144 Or App 456, 466-69, 927 P2d 99 (1996), respectively.

Affirmed.

---

[4] Although it is debatable whether the relatively low probative value of the second shoplifting incident outweighs the danger of unfair prejudice, we are without authority to review that part of the court's decision. Defendant's failure to assign error apparently stems from his belief that the court excluded any mention of the second shoplifting incident. *But see* note 3.