Argued and submitted September 29, 2000, affirmed June 6, 2001

# STATE OF OREGON,
*Respondent,*

*v.*

# MARK EUGENE MAKINSON,
*Appellant.*

## 98CF2148FE; A104864

27 P3d 1046

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, State Public Defender.

Thomas C. Patton, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Ceniceros, Senior Judge.

CENICEROS, S. J.

## CENICEROS, S. J.

■     Defendant appeals his convictions for attempted murder, unlawful use of a weapon, and attempted assault in the first degree. Defendant asserts that the trial court erred in denying his request for a new attorney. We review for abuse of discretion, *State v. Keerins*, 145 Or App 491, 494-95, 932 P2d 65 (1996), and affirm.

A detailed recitation of facts is not necessary because defendant alleges a procedural error. Defendant has two children by a former girlfriend. In July 1998, defendant and his former girlfriend had a telephone conversation about the children that greatly upset her. She told her current boyfriend about the conversation and he drove to defendant's house "to resolve the situation." The encounter quickly turned into a physical fight, in which defendant drew a knife. The boyfriend got into his car and, as he attempted to leave, defendant fired a pistol, hitting a speaker in the passenger door of the car.

Defendant was indicted on August 25, 1998, and trial was set for October 1, 1998. The court appointed counsel for defendant. On October 1, 1998, the court asked if the parties were ready. Defendant's attorney announced that he was ready but said that defendant had a letter to present to the court. In the letter, defendant expressed dissatisfaction with his attorney. Defendant also said he wanted "to waive my speedy trial rights and * * * set the matter over so I could seek counsel." Defendant said that two days before trial, he had told his court-appointed attorney that "I wanted to relieve him of his duties as my attorney and seek private counsel, that I would pay for it." Defendant did not request that the court appoint a new attorney or relieve his present one. The court denied the request for a continuance and the case proceeded to trial.

■     Defendant contends that the court erred in not inquiring as to the reasons he believed that his attorney was unprepared. He cites *State v. McCabe*, 103 Or App 426, 797 P2d 406 (1990), *State v. Davis*, 110 Or App 358, 822 P2d 736 (1991), and *State v. Bargas-Perez*, 117 Or App 510, 844 P2d 931 (1992), but those cases do not help him because they

apply only where a defendant asks for a new court-appointed attorney. A court is not required to evaluate a defendant's complaint when he wants to hire his own attorney. In this case, defendant did not ask for a new court-appointed attorney. He requested a continuance so that he could hire an attorney.

In *Keerins*, 145 Or App at 494, we held:

"Unlike an indigent defendant, a person with the means to retain a lawyer need not obtain court approval to do so. *See State v. Schmick,* 62 Or App 227, 232, 660 P2d 693, *rev den* 295 Or 122 (1983) ('a defendant who is able to retain counsel is free to do so * * * at any time'). *Because defendant did not need the court's permission, the court was not required to evaluate the merits of defendant's complaints.*" (Emphasis added.)

The trial court in this case did not err in not inquiring into defendant's complaints about his court-appointed attorney.

Defendant points out that his trial began only 37 days after he was indicted and that the charges were serious ones. He argues that "[t]he court *forced* defendant to trial on October 1, 1998." (Emphasis added.) Implicit in defendant's argument, although he does not state it as such, is an argument that the trial court abused its discretion in not granting a continuance.

In *Keerins*, we held that "[i]t is not an abuse of discretion to deny a continuance that is requested on the day of trial, when a defendant had a reasonable opportunity to obtain counsel but had failed to do so because of his own lack of effort and his own choice." 145 Or App at 495. In *Keerins*, the defendant's complaints about his attorney arose more than a week before trial, but he did not inform the court that he wanted a new lawyer until the day of trial. The defendant did not establish that he was prevented from trying to find a lawyer or from contacting the trial court earlier to request a continuance. We concluded that "it was not an abuse of discretion to deny a continuance that was requested eight minutes before trial when defendant knew at least a week and a half earlier that he wanted a new lawyer." *Id.* at 495. *See also State v. Higley*, 99 Or App 298, 302, 781 P2d 1245 (1989) (where the defendant's failure to obtain counsel was

not due to indigency or circumstances beyond his control, but resulted from his own lack of effort and his own choice, trial court did not abuse discretion by denying request for continuance made six days before trial).

■        Here defendant requested a continuance on the day of trial. Two weeks before trial, defendant spoke with a private attorney. They discussed the case and the possible witnesses. That attorney evaluated the case and told defendant what, in his opinion, needed to be done. He quoted a fee and defendant told him that he would get back to him. Defendant did not contact that attorney again. A week before trial, defendant posted bail and was released from custody. Two days before trial, defendant told his court-appointed attorney that he no longer wanted him as his attorney. The court-appointed attorney asked defendant to wait in his office so that he could speak to the court about a change of attorneys. Defendant walked out of the office and ignored requests to return. On the day of trial, the court inquired about the presence of witnesses and asked defendant's court-appointed counsel if he was prepared to proceed to trial. He responded that he was.

The court did not abuse its discretion in denying defendant's request for a continuance on the day of trial, because defendant had ample opportunity either to hire private counsel or request a continuance in a timely manner and failed to do so because of his own lack of effort and his own choice.

Affirmed.