NOT DESIGNATED FOR PUBLICATION

No. 121,697

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN LEE WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed October 30, 2020. Sentence vacated and case remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Tara N. Athmer*, assistant county attorney, *Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.


PER CURIAM: The United States Supreme Court has long recognized that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989). When Kevin Lee Williams' conviction was overturned, on remand the judge changed his sentences from concurrent to consecutive. In this appeal, Williams argues that the district court violated his due process rights by imposing a vindictive sentence. He also argues the

1

court violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution by imposing another sentence on an offense for which he already served a sentence. Because the State concedes there was nothing in the record to support an enhanced sentence, we vacate Williams' driving under the influence (DUI) sentence and remand with directions to reinstate the original sentence.

FACTUAL AND PROCEDURAL HISTORY

In 2014, a jury found Williams guilty on one count of felony possession of marijuana in violation of K.S.A. 2013 Supp. 21-5706(b)(3), and two counts of DUI in violation of K.S.A. 2013 Supp. 8-1567(a)(2) and (3). Because the DUI charges were alternative counts, he was only convicted for a DUI under subsection (a)(2). See *State v. Blanchette*, 35 Kan. App. 2d 686, 704, 134 P.3d 19 (2006). District Judge William Lyle ordered Williams to serve 42 months in prison on the felony drug charge and 12 months in jail on the DUI. The terms were to run concurrent and he was granted 24 months' probation after serving 45 days in jail.

Williams appealed his convictions, arguing there was insufficient evidence to support either conviction. Although this court affirmed the conviction for possession of marijuana, the panel determined that there was insufficient evidence to support his DUI conviction under K.S.A. 2013 Supp. 8-1567(a)(2). As a result, the panel reversed that conviction and vacated his sentence. But because the jury had also returned a guilty verdict for DUI under K.S.A. 2013 Supp. 8-1567(a)(3), the panel concluded the "appropriate remedy" was to remand to the district court with directions to "consider whether the evidence is sufficient to adjudge Williams guilty of the alternative count of DUI" and, if so, to sentence him for that count. *State v. Williams*, No. 114,371, 2016 WL 7428309, at *5-6 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1331 (2017).

2

While his petition for review was pending, the district court terminated Williams' probation as successful and discharged him. That order was signed by District Judge Douglas P. Witteman. The mandate issued in September 2017.

On remand, Judge Witteman found sufficient evidence to support a conviction for DUI under K.S.A. 2013 Supp.8-1567(a)(3). During resentencing, Williams informed the court that he had already served a sentence on the DUI charge. Judge Witteman ultimately decided to sentence him to a 12-month sentence, noting that "was what was originally imposed," but ran it consecutive to his sentence for possession of marijuana and set it aside for another 12-month probation term. Judge Witteman also gave Williams credit for the 45 days of jail time served on the vacated sentence, as well as more time for days served as part of sanctions for violating probation.

In explaining his rationale, Judge Witteman noted he was not offended that the sentence was overturned because he "wasn't the judge who imposed the first sentence." He also called the original sentence an "extraordinary break" by Judge Lyle, and he stated that "under the circumstance where the big break was given as it relates to the dispositional departure, I think the appropriate thing to do under the circumstances here is to impose the sentence consecutively."

Williams timely appealed.

ANALYSIS

Williams argues that the district court violated his due process rights by imposing a vindictive sentence on remand. He asserts that the court failed to articulate reasons that stemmed from objective conduct by the defendant and that a presumption of vindictiveness under *State v. Rinck*, 260 Kan. 634, 645, 932 P.2d 67 (1996), should apply.

In response, the State notes that although there was no evidence of intent or desire on the district court's part, a review of the relevant caselaw supports a presumption of vindictiveness. See *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019) (finding due process violation on similar facts). As a result, the State concedes that there was not sufficient evidence to support an enhanced sentence and asks this court to vacate Williams' sentence and remand with directions to reinstate his original concurrent sentence. We agree.

The United States Supreme Court has long recognized that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Pearce*, 395 U.S. at 726 (holding that the presumption does not apply when first sentence obtained by guilty plea and second sentence follows a trial). The court must articulate reasons for an increased punishment that are "based upon objective information [available in the record] concerning identifiable conduct on the part of the defendant," otherwise there is a presumption of vindictiveness. 395 U.S. at 726.

The Kansas Supreme Court first applied a presumption of judicial vindictiveness in *Rinck*, 260 Kan. 634. In that case, the defendant had successfully challenged his convictions on appeal, and on remand, the district court effectively sentenced him to double the original sentence. Our court found there was "no objective information concerning identifiable conduct" in the record to justify the higher sentence, and so the presumption of vindictiveness applied "by operation of law." 260 Kan. at 645. More recently in *Brown*, the Kansas Supreme Court found that it was vindictive for the sentencing court to increase the defendant's sentence on remand at the request of the prosecutor and victim's mother solely because of his successful appeal. 309 Kan. at 378.

Here, the State concedes that the district court's reasons for imposing a more severe sentence on remand did not meet the standard announced in *Brown*. Indeed, as

4

both parties note, the only justification given by the court at resentencing for imposing a consecutive prison term and a new probation term amounted to the judge's perception of the original sentence as too lenient. And as the State acknowledges, the only reason Williams was in the position to be resentenced was because of his successful appeal. Lastly, both of the DUI counts carried the same range of penalties under K.S.A. 2013 Supp. 8-1567(b)(1) and (2).

For these reasons, we find that the district court violated Williams' right to due process because there was nothing in the record to support imposing a consecutive rather than concurrent sentence on the DUI conviction. The sentence imposed on remand is vacated, and the case remanded with directions to impose the original concurrent sentence on the DUI conviction. Given our holding, we need not address Williams' double jeopardy claim.

Sentence vacated and case remanded with directions.