No. 822 November 14, 2024 231

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTAN ALLEN CONN,
*Defendant-Appellant.*

Douglas County Circuit Court
21CR42724, 21CR44654; A180583 (Control), A180584

Robert B. Johnson, Judge.

Submitted September 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this consolidated criminal case, defendant appeals from a judgment of conviction for first-degree manslaughter in Case No. 21CR42724, entered after he pleaded no contest. After the plea but before sentencing, defendant sent a letter to the trial court—which the court treated as a motion—requesting that his appointed counsel, Rich, be replaced. At sentencing, defendant withdrew his motion, but counsel then orally moved to withdraw in favor of other counsel. The court denied that motion. On appeal, defendant challenges the denial of defense counsel's motion to withdraw. After reviewing the parties' arguments and the record, we conclude that the trial court did not abuse its discretion. Defendant also appeals from a judgment of conviction for felon in possession of a firearm in Case No. 21CR44654, but he has not assigned error to any ruling in that case. Accordingly, we affirm both judgments.

In general, the right to substitute court-appointed counsel is not absolute. *State v. Taylor*, 207 Or App 649, 662, 142 P3d 1093 (2006), *rev den*, 342 Or 299 (2007). We review a trial court's decision on a motion to substitute court-appointed counsel for an abuse of discretion. *Id*. Discretion refers to the trial court's authority "to reach a decision that falls within a permissible range of legally correct outcomes." *State v. Harrell/Wilson*, 353 Or 247, 254, 297 P3d 461 (2013). As we explained in *State v. Edwards*, 132 Or App 590, 593, 890 P2d 420 (1995), the exercise of that discretion in the context of a request for substitution of appointed counsel "requires a balancing of a defendant's right to effective counsel and the need for an orderly and efficient judicial process." A defendant's dissatisfaction with counsel's tactical and strategic decisions, frustrations with the pretrial process in general, or loss of confidence in counsel are not circumstances that require substitution of counsel. *See State v. Johnson*, 340 Or 319, 349, 131 P3d 173, *cert den*, 549 US 1079 (2006); *State v. Thompson*, 328 Or 248, 255, 971 P2d 879, *cert den*, 527 US 1042 (1999); *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993).

Because the parties are familiar with the relevant facts, which are few and entirely procedural, we do

not provide an extended recitation for this nonprecedential memorandum opinion. As noted earlier, after entering his plea and before sentencing, defendant sent a letter to the trial court asking to fire defense counsel and to have replacement counsel appointed. In the letter, defendant outlined the reasons for his request, which included that at the judicial settlement conference Rich did not "properly present [defendant's] case"; that Rich was unprepared; that defendant did not receive full discovery; that Rich had not interviewed any witnesses; and that defendant had been "forced into a plea deal."[1] At sentencing, the court inquired about defendant's request. Defendant told the court that he was not satisfied with Rich's representation, but during the colloquy with the court, defendant ultimately withdrew his motion because he wanted to proceed to sentencing and "move forward." After defendant withdrew his motion, Rich moved to withdraw as counsel, explaining that he could not represent defendant if defendant was not satisfied with his representation. Rich cited the complaints in defendant's letter to the court, and he also informed the court that defendant was not "listening" to him. Rich also noted that defendant had "significant confidence" in his defense counsel on the other criminal matter. The trial court denied Rich's motion to withdraw.

After reviewing the record and the parties' arguments, we conclude that the trial court did not abuse its discretion when it denied Rich's motion. Defendant had made complaints about Rich, but he had chosen to withdraw his motion to replace counsel because he wanted to move forward. The reasons that Rich himself expressed when he moved to withdraw were that defendant was "dissatisfied" and not "listening to me, particularly, as his lawyer," that defendant had more confidence in the lawyer appointed for defendant's other charges, and that, if the court required him to continue, he did not know what advice he could give defendant that would be beneficial. Those complaints do not amount to the kind of breakdown in the attorney-client relationship that would require the trial court to replace defense counsel. *See, e.g.*, *State v. Davis*, 345 Or 551, 581-82,

---

[1] Defendant signed a plea agreement that included a statement that he was satisfied with his attorney's representation, and the trial court accepted his no contest plea after finding that the plea was knowing and voluntary.

201 P3d 185 (2008), *cert den*, 558 US 873 (2009) (concluding that the trial court did not abuse its discretion in denying defense counsel's motions to withdraw because the record did not show that, despite a strain in the attorney-client relationship, counsel's representation "became deficient or was so compromised that counsel were unable to represent defendant adequately"); *Johnson*, 340 Or at 349-50 (concluding that the defendant's complaints about trial counsel failing to file motions that the defendant wished to file, failing to pursue issues and strategies that the defendant wished to pursue, and generally failing to follow the defendant's instructions did not constitute a basis to conclude that the trial court abused its discretion in denying the request for substitute counsel); *Thompson*, 328 Or at 255 (holding that the trial court did not abuse its discretion in denying the defendant's motion for substitution of counsel where the complaints amounted to "general frustration with the pre-trial process"). Accordingly, the trial court acted within the bounds of its discretion when it denied defense counsel's motion to withdraw.

Affirmed.